PAUL R. ROACH, Petitioner, v. R. A. OLIVER, Respondent.

No. 41507.

OCTOBER 25, 1932.

REHEARING DENIED FEBRUARY 14, 1933.

Warren H. White and E. C. Roach, for petitioner.

Fisher & Riter, for respondent.

PER CURIAM.—This is an original proceeding in certiorari, to review the action of the respondent, in rendering judgment against petitioner as punishment for contempt because of his failure to pay monthly installments for alimony for petitioner's divorced wife, and for the support of the children. The decree of divorce was granted on January 24, 1931. By the terms of the decree, the plaintiff-wife was granted the care and custody of their minor sons, James Robert Roach and Paul Frederick Roach. The decree further provides that the children shall continue to reside in Lyon County until otherwise ordered or permitted by the court, and that the defendant therein (the petitioner herein) and the grandparents of said children shall

be permitted to see and visit said children at reasonable times and places, and permission was given to the plaintiff-wife to permit said children to visit their grandparents at reasonable times at the grandparents' home.

Relative to alimony and support for the children, the decree provides:

"It is further ordered and adjudged that the plaintiff be, and she is hereby awarded judgment for alimony and for alimony and support money for herself and said minor children, in the sum of Seventy-five ($75.00) Dollars per month payable in the sums of $75.00 on or before the 10th day of each and every month hereafter until said minors become of legal age, or until otherwise ordered by the Court."

On appeal to this court, the decree was, on June 20th, 1931, affirmed. See Roach v. Roach, 213 Iowa 314. The petitioner paid upon the monthly installments of $75.00 the sum of $675.00, being in full for all amounts due up to and including October 10th, 1931, since which time nothing has been paid. On March 11th, 1932, there being five installments of $75.00 each due according to the terms of the decree, proceedings for contempt because of his failure to obey said decree were instituted against the petitioner. In his answer to show cause why he should not be punished for contempt, the petitioner denied that he was in default in the payment of the installments and alleged his inability to make further payments. Upon hearing, the respondent found that the petitioner was guilty of contempt in failing to make the payments and ordered that he be confined in the county jail of Lyon County until such time as he should pay the sum of $200.00 to apply on payments heretofore due. The petitioner, in accordance with the provisions of Section 12550, Code 1931, has brought the case by certiorari to this court for review.

Section 10482, Code 1931, provides:

"If any party against whom such decree . [decree for divorce, alimony and support] has been entered, shall wilfully disobey the same, or secrete his property, he may be cited and punished by the court for contempt."

Section 12544, Code 1931, provides:

"If the contempt consists in an omission to perform an act

which is yet in the power of the person to perform, he may be imprisoned until he performs it."

The questions for our determination are: Has the petitioner performed the requirements of the decree, and if not, has he wilfully disobeyed the same?

The case is not triable here *de novo*, yet, the judgment of the lower court in contempt cases does not possess, in full measure, all the attributes of the verdict of a jury. In other words, the findings made by the respondent court are not conclusive on review, but it is for this court to say, having due regard for the findings of the lower court, whether the facts satisfactorily establish and constitute contempt. See Mason v. District Court, 209 Iowa 774; State ex rel. Hammond v. Hamilton, 200 Iowa 343; Andreano v. Utterback, 202 Iowa 570; St. George's Society v. Sawyer, 204 Iowa 103.

It appears from the record, that the older boy, nine years of age, has been with the petitioner in the home of petitioner's father and mother during the major portion of the time since the granting of the decree. The evidence of petitioner shows that, during this period of time, the petitioner has paid for clothing, washing, ironing, mending, school supplies and medical attention for said boy, the sum of $131.75, and it is the claim of the petitioner that he is indebted to his father for room and board for himself and for the boy during this period of time at the rate of $45.00 per month, and that $97.50 has been paid thereon. The petitioner's contention is, that, by reason of these matters, he is not now in default as to the monthly payments amounting to $375.00 now claimed to be due—that what he has already paid for the boy, and obligated himself to pay, as claimed by him, exceeds the amount of the monthly installments claimed by the plaintiff-wife. It will be noted that the judgment of $75.00 per month was in favor of the plaintiff-wife, and that she was granted the custody of both children. This judgment could not be paid or satisfied without the money being received by the plaintiff-wife, or paid to others by her authority. There is no claim by the petitioner that the payments made by him for the son, or that the aforesaid arrangements claimed to have been made by him in behalf of said son, were with her authority or consent. Therefore, it cannot be asserted that the doings of the petitioner in the aforesaid respects amount to a payment upon

the judgment. This is not a proceeding under the latter sentence of Section 10481, Code 1931, for modification of the decree by reason of changed conditions and circumstances since the granting of the decree, which might warrant the court in the exercise of equitable principles to grant a change therein. Even in such a proceeding, the accrued and unpaid payments for alimony and for support of the children are beyond the power of the court to modify. See Kell v. Kell, 179 Iowa 647; Delbridge v. Sears, 179 Iowa 526; Morrison v. Morrison, 208 Iowa 1384; Guisinger v. Guisinger,201 Iowa 409. Under the record, it must be held that the petitioner is in default in the payment of the monthly installments falling due upon and after November 10, 1931. The court ordered that the defendant be confined in the county jail until such time as he should pay the sum of $200.00 to apply on payments heretofore due. Upon what theory the court fixed the sum of $200.00 instead of $375.00, the amount actually due, is not disclosed by the record. But in any event, since the order in this respect is more favorable to the petitioner than he is entitled to, he has no reason to complain.

There is no claim that the petitioner has secreted any of his property. Therefore, the remaining question for our consideration is as to whether the petitioner has wilfully disobeyed the decree in failing to make payment of the monthly installments. It is the petitioner's contention that he is unable to pay the same. It must be conceded that actual inability to pay is a complete defense to a charge of contempt of court. In other words, no one should be punished for failure to perform an impossibility. See Pewick v. Meyer, 202 Iowa 134; Porter v. Maxwell, 208 Iowa 1224; Mason v. District Court, 209 Iowa 774; Peel v. Peel, 50 Iowa 521. The question at this point is: Does the record show the petitioner's inability to perform the requirements of the decree? We answer in the negative. The petitioner is a college graduate, working in the law office of his father, at a salary of $100.00 per month. In addition to this, he is an insurance agent, from which service he receives some income, said by him to amount during the year 1931 to $109.00. Having this income, it is not impossible for him to comply with the decree in making the monthly payments. While the petitioner and his father assert that there is an agreement between them, whereby the petitioner is to pay the father $45.00 per month for the board and room for petitioner and his son, and that the agreement was that the same was to be deducted from petitioner's monthly salary,

yet, the stubborn fact remains that the deductions have not been made in accordance with what they claim is the agreement, and the father is the petitioner's monthly paymaster. The petitioner claims that by reason of his obligations to his father under this alleged contract for board and room for the boy, he is now unable to pay the monthly installments. It is the claim of petitioner and his father, that this agreement was made after the granting of the decree which gave to the mother the custody of the boy that is involved in their claimed agreement, and when both of them knew that the required monthly payment to be paid to the mother was for the support of this boy, as well as for support of herself and the other boy. Neither the petitioner nor his father is entitled to the custody of the boy, which by the decree was given to the mother. The petitioner and his father must have known, that they could not by any contractual arrangements between them relative to the one boy, modify the terms of the decree with reference to him. The decree fixes the custody of the boy and the obligation of the petitioner for his support. We must in the determination of this case, take the decree as it actually is. The petitioner has not asked for a modification of the decree. Even if we were disposed to do so, we cannot modify the decree in this proceeding. The claimed arrangement between petitioner and his father relative to board and room for the boy, which both of them knew was contrary to the provisions of the decree, is not sufficient to establish or create inability on the part of the petitioner to comply with the decree. If the petitioner and his father will surrender the custody of the boy to the mother, who, without a modification of the decree, is entitled to said custody, the petitioner will be under no obligation whatever to the father for support of the child.

The income of the petitioner, while not large, is sufficient to pay what the decree provides for the support of the wife and children. The record shows that the petitioner paid out of his income the monthly installments up to and including the one due on October 10th, 1931. He still has the same income and the monthly payments are the same. To make the payment out of his income is no more difficult now than it was then. He was able to pay then. He is equally able to pay now. Without further discussion, we must hold that the record is not such as to show the petitioner's inability to pay. He has not sustained the burden resting upon him to purge himself of contempt.

806

The petitioner, in his argument, asserts: "The judgment of the respondent amounts to the imprisonment of a defendant for debt." The holding of this court is, that the award of an allowance for the support and maintenance of the wife and children is not a debt in the constitutional sense of imprisonment for debt. See Mason v. District Court, 209 Iowa 774; Roberts v. Fuller, 210 Iowa 956.

Upon a careful consideration of the entire case, we reach the conclusion that the petitioner has wilfully disobeyed the decree of divorce in failing to make the monthly payments, and that the writ of certiorari should be dismissed and the order of the respondent should be affirmed. It is so ordered.—Writ dismissed and order affirmed.

STEVENS, C. J., and DE GRAFF, ALBERT, KINDIG, WAGNER, and CLAUSSEN, JJ., concur.

EVANS, FAVILLE, and BLISS, JJ., dissent.