## OPENSHAW v. OPENSHAW

No. 5393. Decided March 12, 1935. (42 P. [2d] 191.)

*Hurd & Hurd,* of Salt Lake City, for appellant.

*Willard Hanson* and *L. R. Rogers,* both of Salt Lake City, for respondent.

PRATT, District Judge.

A contempt proceeding arising out of an alleged failure of the defendant, Clarence R. Openshaw, to comply with the terms of a decree of divorce granted to plaintiff Margaret C. Openshaw on April 4, 1931. From that decree defendant appealed. On the 9th day of May, 1932, while the appeal was pending, counsel for the plaintiff filed in the lower court an affidavit for an order to show cause, alleging that defendant had "willfully and contumaciously" failed to comply with the decree: That he had not executed the deed for certain described real estate; that he had not paid attorney's fees and costs; and that he had paid only part of the alimony required by the decree. An order to show cause was issued and served upon the defendant. Hearing upon that order commenced August 22, 1932. On September 21, 1932, the court rendered its decision upon the hearing. The defendant was adjudged guilty of contempt and required to make certain payments within five days of the decision or go to jail until those payments were made. Defendant has taken this appeal from that adjudication of contempt and its attendant penalty.

The lower court as a basis for the adjudication of contempt found: That defendant had not paid the 1931 taxes upon the real estate amounting to to the sum of $166.04 besides interest; that he had not paid to plaintiff the sum of $400 allowed her as attorney's fees. Other findings of fact were made, including one to the effect that defendant had not prior to the hearing tendered or delivered the deed in question; but none of these were cited by the court as being grounds for the contempt adjudication.

Compare the issues raised by the affidavit with the findings upon taxes and attorney's fees. There is nothing said in the affidavit about taxes. Counsel for the plaintiff argues that defendant, having permitted them to become delinquent and the property to be sold for those taxes, had placed it beyond his power to comply with the decree so far as the deed was concerned; that is, he was unable to give plaintiff clear

title to the property. If this contention be correct, then the failure as to taxes was purely an evidentiary fact tending to prove the contumacious character of defendant's failure to deliver the deed. The latter would be the ultimate fact and would be one of the facts under the issues upon which the court should have relied for its adjudication of contempt. No such theory was adopted. The court did not hold defendant guilty of contempt for failure to deliver the deed—in fact, this matter was adjusted and was found by the court to have been adjusted. Apparently believing that the plaintiff was at some disadvantage by reason of these delinquencies, the court proceeded to find as an ultimate fact that defendant had failed to pay the taxes and, from this, concluded that he was in contempt; then attempted to enforce payment by threat of a jail sentence. If this failure were an ultimate fact, then there would have been a provision concerning taxes in the decree and the failure to pay them would have been one of the issues of the affidavit. The decree as well as the affidavit was silent as to taxes. Thus the effect of the court's adjudication of contempt on this ground was to modify the decree to include such provision and at the same time to find defendant guilty of violating that provision.

Now as to the finding of failure to pay plaintiff the $400 attorney's fees: At first blush this appears to be a finding upon one of the issues raised by the affidavit. Such is not the fact. The decree as entered April 4, 1931, provided that the defendant should pay the $400 to counsel for the plaintiff, not to plaintiff. When the affidavit for the order to show cause was filed, the decree had not been changed in that respect. But before the hearing upon the order, this court decided that such provision was erroneous as counsel was not a party to the action, and directed that the decree be amended. On August 22, 1932, the day that the hearing upon the order to show cause commenced, the decree was amended and the provision became that defendant should pay this sum to plaintiff, not to her counsel. Thus the lower court in

finding the defendant guilty of contempt for failure to pay plaintiff the $400 found him guilty of that which the decree did not, at the time of the alleged failure, require him to do; and guilty of a failure not contemplated by the affidavit, in support of the order to show cause.

What about the third alleged violation found in the affidavit of counsel for the plaintiff—payment of only part of the alimony? Considerable evidence was taken upon this issue, but in the final decision rendered by the court it is only mentioned in one place, in the conclusions of law, wherein the court dismissed this part of the order without prejudice. On September 9, 1932, as disclosed by the minute entry of that date, counsel for the plaintiff moved the court that all matters pertaining to unpaid alimony from and after April 4, 1931, to May 1, 1932, be dismissed from said order to show cause without prejudice. The court in ruling upon said motion held that defendant had paid all necessary alimony to date and was not in default. Nothing was said as to whether or not the motion was granted. If then the alimony had been paid, there was no reason why the question should have been left undecided by a dismissal without prejudice. Defendant was entitled to a finding of fact on the final decision to the effect that he had paid in full. Such a finding would have conformed to the evidence submitted upon the hearing. The effect of the Supreme Court decision on the alimony provisions we mention later.

Having inferentially, though not expressly found that defendants failure to deliver the deed was not willful nor contumacious, and having concluded without finding it as a fact that the alimony had been paid in full, and in view of the effect of this court's decision in eliminating from the order to show cause the question of attorney's fees and costs —the costs were stricken—it was incumbent upon the court to conclude and so adjudicate that defendant was not in contempt, and dismiss the proceeding. Undoubtedly, had this been the result of the decision, no additional attorney's fees or costs would have been granted to plaintiff. Especially is

the latter true under the evidence of this case, which discloses that plaintiff received the benefit of more money during the period in question than the decree required defendant to pay.

Defendant raises another point on his appeal. On or about August 26, 1932, he filed a written motion for satisfaction of the judgment as to alimony and attorney's fees from April, 1931, to April, 1932—a period of 13 months— and for such additional period as the sum paid justified. Between these dates, under the decree as amended (this court reduced the alimony from $175 per month to $150 per month), he should have made payments totaling $1,950 of alimony and $400 attorney's fees, or a grand total of $2,350. The undisputed evidence is that he paid during that period at least $2,374. The motion was denied.

Had the court made proper findings as to alimony, it probably would have been an immaterial matter whether or not the motion to satisfy judgment were granted so far as that alimony was concerned. One adjudication upon the point would have been sufficient. We use the expression, "proper findings," advisedly. The fact is that the provision as to alimony was in the same situation as the one of attorney's fees—both were amended by this court subsequent to the filing of the affidavit.

We question seriously the advisability of the lower court entertaining a hearing upon this order to show cause in view of the fact that this court directed an amendment of the decree in particulars which were material upon the issues raised by the affidavit. The allegations of failure as to alimony and attorney's fees lost their efficacy with that amendment, and, as it developed, the failure to deliver the deed became a matter easily adjusted after the return of this court's decision. But for some reason, the court proceeded with the hearing as if the amended decree were the basis of the affidavit. As a result the motion to satisfy, judgment was treated as part of the hearing upon the order to show

cause. No recognition was given to the fact that the motion applied to the amended decree, whereas the order to show cause really applied to the decree before it was amended.

As the lower court and the parties have, so far as this motion is concerned, ignored this distinction, we shall do likewise.

Mrs. Openshaw admitted that she received the $2,374 heretofore mentioned, and admitted that in addition thereto she received some $130 in checks she permitted her children to indorse for her. This makes a total of $2,504 definitely fixed by returned checks presented in evidence. This sum is sufficient to cover the alimony to and including the installment due May 1, 1932, together with the attorney's fees. A failure to apply this sum in satisfaction of the judgment in the manner requested by defendant would result in placing him in default as to attorney's fees immediately upon the amendment of the original decree, for, as amended, it provided that these attorney's fees should be paid $100 on or before April 5, 1931, and the balance at the rate of $50 per month commencing with May 1, 1931, and on the 1st day of each and every month thereafter—all dates then long past.

There seems to be no reason why defendant should not receive credit for this sum. The record is strongly evident of good faith on his part. In spite of the uncertainty of the result of the decision of this court, he made every effort to keep plaintiff supplied with money, and was very generous with his children when they sought his aid. To suddenly thrust him in default by means of procedural errors in the case would do him a grave injustice. We believe the judgment and decree against him should have been satisfied, or found paid under the procedure adopted by the lower court in this case, to the extent of $2,504, including therein the attorney's fees.

As to the other payments alleged to have been made by him, though they were admitted as having been received, they were so uncertain in amount that to fix their total would

be speculative. The burden being upon the defendant to establish the amount paid, he must assume the risk of any failure by reason of indefiniteness. The payments to the children themselves do not appear to have been made as payments upon alimony, but were rather the result of his fatherly interest in the welfare of those children. We do not believe he should be permitted to charge them to plaintiff. By so doing he would be determining for Mrs. Openshaw the manner in which she should expend her allowances. It is a very easy thing for children to say their mother will not give them money, especially as they may realize that such a plea is effective in attaining their ends. If she is not treating them right the courts are open to the father for redress. By this, however, we do not wish to be interpreted as saying that circumstances may not arise where it is proper to charge to the decree support given to children. Those circumstances are not shown in this case.

We have used the word "issues" in our opinion. It may lead to the belief that an answer was filed to the order to show cause or to the affidavit in support of that order. Such was not the fact, nor has any question upon that point been raised by this appeal. Our decision then is not intended either as an approval or disapproval of the failure to file such an answer. Nor has there been any issue raised in this appeal upon the question of the absence of allegations and findings as to the father's ability to comply with the decree. We do not pass upon that question either.

Furthermore, we are not by this decision passing upon any question of which court, the Supreme Court or the district court, has jurisdiction of contempt proceedings pending on appeal. We have taken the case just as the parties have presented it to us and rendered our decision as we believe its merits justify.

The case is remanded to the lower court, with directions to set aside the present findings, conclusions, and decree, and prepare findings, conclusions, and a decree to conform to

these views and in satisfaction of the judgment as indicated herein. Each party shall bear his or her own costs.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, J., being disqualified, did not participate herein.