## HANSON v. OPENSHAW

No. 6758. Decided February 1, 1945. (155 P. 2d 410.)

See 7 C. J. S. Attorney and Client, Sec. 204. 41 Am. Jur. 290.

534

*White, Wright & Arnovitz,* of Salt Lake City, for appellant.

*D. N. Straup* and *J. R. Haas,* both of Salt Lake City, for respondent.

TURNER, Justice.

This is an appeal from a judgment entered in the District Court for Salt Lake County in favor of plaintiff and respondent for $400 attorney's fee together with interest from September 1, 1932.

Respondent, Willard Hanson, is a duly licensed and practicing attorney of the Utah State Bar. He commenced this action against appellant, Mrs. Margaret C. Openshaw, in February, 1943, alleging in substance the following: That appellant was, at the time of filing the complaint, and had been since March, 1935, a resident of and resided in the State of California and had not been in the State of Utah nor resided therein from March, 1935, until the month of February, 1943; that in the month of August 1921, appellant employed respondent as her attorney to commence divorce proceedings against her husband, Dr. Clarence R. Openshaw, and that in that month he did commence such proceedings; that the case was finally tried in 1931, resulting in a decree of absolute divorce in favor of appellant, awarding her custody of two minor children, $175 a month alimony for the support of herself and children, and $400 for her attorney's fee; that thereafter this action was appealed to this court and respondent represented appellant in such appeal; that in that action the judgment of the trial court was modified by reducing the amount of alimony to $150 a month and directing that the decree, which required the payment of attorney's fee direct to appellant's attorney, be amended "so as to make it run

in favor of the plaintiff," Mrs. Openshaw. See *Openshaw* v. *Openshaw*, 80 Utah 9, 12 P. 2d 364., decided June 21, 1932. That thereafter respondent, at the request of appellant, instituted contempt proceedings against the husband to require him to show cause why he had not paid the alimony and attorney's fee provided for in the decree; that at the hearing, Dr. Openshaw was held in contempt of court; that his contention in said proceeding was that he had paid the alimony and attorney's fee so required; that he then appealed from that judgment to this court, and on March 12, 1935, this court rendered its decision holding that appellant herein had been paid by her husband the $400 which had been awarded to her for the use and benefit of her attorney, respondent herein. See *Openshaw* v. *Openshaw*, 86 Utah 229, 42 P. 2d 191. That prior to the time this decision was rendered appellant herein departed for the State of California, as above alleged. It is then alleged that said $400 was received by appellant from her husband for the use and benefit of respondent prior to April 30, 1932, and that appellant had insisted she had not received the money and that respondent did not know that she had received it until the decision of this court in March, 1935; that, notwithstanding appellant had received such sum for the use and benefit of respondent in accordance with the decree and decision of this court, appellant had refused to pay respondent and had "wilfully, unlawfully and fraudulently converted the sum to her own use" and that demand had been made by respondent on appellant to pay the same. The prayer of the complaint then asks for judgment for $400 together with interest at the rate of eight per cent from April 30, 1932, to and including June 15, 1935, and at the rate of six per cent from and after June 16, 1935.

The record then shows that as the result of garnishment proceedings had, the clerk of the District Court for Salt Lake County now holds, subject to further order of the court, a cashier's check for $750 in connection with this case.

Appellant filed an answer which subsequently, by leave of court, was amended, in which she generally admits the

allegations of respondent's complaint. Then, in substance and effect—and we are constrained to say as a pretended defense—she alleged that the respondent and A. H. Hougaard and L. R. Rogers represented her in the divorce action and for that reason denied that respondent Hanson is entitled to recover; that pursuant to the decision of this court referred to above, of June, 1932, the decree of the lower court was amended as directed and judgment was entered in favor of Mrs. Openshaw for $400 "as and for attorney's fee"; that until shortly before the institution of the contempt proceedings which she caused to be brought against her husband, in which he was found in contempt of court, but which judgment was later reversed by this court, she had not been aware of the fact that the $400 attorney's fee had been included in sums theretofore paid to her by her husband, and that if any sums in excess of the alimony payments so ordered had been paid to her they were gratuitously paid by her husband to her and not by way of alimony or attorney's fees; that she was never advised "by any of her attorneys," including respondent, that this court had made and entered a finding that she had been paid the attorney's fee and that no demand was made upon her by respondent herein for the payment thereof; that if she received said sum, she received it rightfully and that no demand was made upon her until she was served with summons in this action on February 16, 1943; that prior to the filing of this action, her present attorneys learned that respondent herein was entitled to recover for services rendered to her and offered to pay to respondent $400, but that he refused to accept the sum without payment of interest at the rate of eight per cent from April 30, 1932, to June 15, 1935, and at the rate of six per cent from June 16, 1935, to the date of such offer; that she has not refused to pay said $400. She then tenders to respondent the sum of $400 with interest at the rate of six per cent from February 16, 1943, and respondent's costs, and prays that the court require him to accept the

tender and that she be released and discharged from all claims, and upon failure to accept the tender, that she have judgment.

In due course, a trial without a jury was had. Respondent Hanson testified at length. Appellant was not present but was represented by her present attorneys. On November 22, 1943, the court entered a memorandum decision in favor of respondent in accordance with the prayer of his complaint, and findings of fact, conclusions of law and a decree were duly signed and filed April 29, 1944, substantially in conformity with respondent's complaint and prayer, awarding him judgment against appellant for $400 with interest at the rate of eight per cent from September 1, 1932, to June 15, 1935, and at the rate of six per cent from June 16, 1935, to the date of the decree, or a total at the time of $695.65, and costs.

Appellant takes the anomalous position in this appeal of admitting the principal allegations of the complaint, in effect that the money is due and owing, and makes tender of the principal sum and costs, but contends that respondent has not pursued the proper remedy to recover it, having sounded his complaint in conversion. We see no merit to such contention. Sec. 104-1-2, U. C. A. 1943, provides:

"There is in this state but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs."

Under this section this court has held that a pleader is not required to follow any particular form or special theory in stating the facts, and if the facts stated entitled plaintiff to any relief under the substantive law, then he has stated what is termed "a good cause of action," and the court must enter judgment in his favor so far as any attack upon the sufficiency of the pleading is concerned. *Williams* v. *Nelson,* 45 Utah 255, 261, 145 P. 39, 41.

There is no exception taken to the findings as not being supported by the evidence and, in fact, our examination of the record convinces us that the findings, conclusions and decree are amply supported.

The judgment of the lower court is affirmed, with costs to respondent.

LARSON, C. J., and WADE, McDONOUGH and WOLFE, JJ., concur.