Argued December 12, 1945; modified February 5, 1946

# BRIGGS *v.* BRIGGS

(165 P. (2d) 772)

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY, LUSK and BRAND, Associate Justices.

*Francis F. Yunker*, of Portland, for appellant.

*Robert O. Boyd,* of Portland, (Latourette & Latourette and Boyd & Ferris, all of Portland, on the brief), for respondent.

BRAND, J.

On the 26th day of June, 1929, the circuit court rendered a decree of divorce at the suit of the plaintiff, Mary L. Briggs. By that decree she was given the custody of the two children of the parties, Robert, then aged 9 years, and Jeanne, then aged 5 years. The decree also set forth a contract which had been executed by the parties in anticipation of divorce and which contract was "ratified, confirmed and approved," and all of the provisions of said contract were incorporated and made a part of the decree.

The contract provided in substance that if a decree of divorce should be granted at the suit of the plaintiff she should convey certain real property to the defendant and that the defendant should convey certain other real property to the plaintiff. There were other

provisions concerning the settlement of their property rights, which need not be mentioned here.

By paragraph 6 of the contract, the defendant agreed that "he will, commencing June 1st, 1929, pay to the first party as alimony, during her lifetime, or until she shall remarry, whichever event may first occur, the sum of Forty Dollars ($40.00) per month." By paragraph 7 it was agreed that it was for the best interests of the children that they remain with their mother and the defendant agreed to pay the plaintiff, commencing June 1, 1929, the sum of $60 per month for the education, maintenance and support of the children during such time as they should remain minors.

In consideration of the provisions of the contract and in the event of a divorce decree being granted, the plaintiff released the defendant from any claim, liability, or obligation for alimony, support of the children, etc., except as provided in the contract.

By its order of April 6, 1945, the circuit court found that the children had reached their majority and that the plaintiff had "enjoyed a change of circumstances in her favor, which has in fact terminated her dependency upon the defendant." It was therefore ordered "that defendant is hereby relieved of the payment of alimony and support money herein as of the date of defendant's motion, to-wit: January 16, 1945."

The first contention of the plaintiff and appellant is that the original divorce decree allowing to the plaintiff $40 per month "being based upon an actual property settlement of the parties is not subject to revocation" as a matter of law. The plaintiff relies chiefly upon *Henderson v. Henderson*, 37 Or. 141, 60 P. 597, 61 P. 136, 48 L. R. A. 766, 82 Am. St. Rep 741. There is in that case language tending to indicate that such

contracts when approved by the court are not subject to revocation or modification except by consent of the parties. That case was distinguished in *Phy v. Phy,* 116 Or. 31, 236 P. 751, 240 P. 237, 42 A. L. R. 588, and it was severely criticized in *Warrington v. Warrington,* 160 Or. 77, 83 P. (2d) 479. In the latter case this court, speaking of the decision in the Henderson case, said: "Such conclusion, however, is not in keeping with that reached in the much later case of *Phy v. Phy,* * * * nor with the better-reasoned cases."

The cases were thoroughly reviewed in *Prime v. Prime,* 172 Or. 34, 139 P. (2d) 550, and we find no occasion to repeat what was said there. In the Prime case, as in the case at bar, there was a written agreement for a "full, final and complete property settlement." The defendant agreed to convey real property to the plaintiff and to pay her substantial sums of money in the event she was awarded a decree. It was agreed that the performance of the agreement should constitute a complete property settlement and full payment of all alimony, etc. In a separate paragraph it was agreed that the defendant should pay to the plaintiff "the sum of $35 per month until her death or remarriage." After full consideration of the authorities, we held:

"It further appears that where by statute the court has power to modify executory provisions it will retain that power although the agreement of the parties and the decree of the court provide that the original allowance shall never be changed. Kelly v. Kelly, 194 Mich. 94, 160 N. W. 397. * * * An agreement of the parties approved as fair in the divorce decree may provide for a division of property rights and also for the payment of future installments for maintenance. Although both provi-

sions be included in the same instrument they may be treated as separable, the provisions for division of the property being binding and beyond the power of the court to modify, the provisions concerning future installments for maintenance being, however, subject to modification in the event of changed conditions. * * * As to the executory provisions, the parties are deemed to have contracted in view of the statute authorizing modification thereof." *Prime v. Prime,* 172 Or. 34, 49, 50, 139 P. (2d) 550.

■ The case is directly in point and is decisive of the question presented here. There is no evidence in the contract nor in the testimony of the parties which tends to indicate that the provision for the payment of alimony to the plaintiff was adopted as a method of liquidating any actual property rights of the wife. The alimony provision was separable from the property settlement and was expressly designated as alimony in that agreement. It follows that the agreement of the parties made in anticipation of divorce does not constitute a bar to a modification of a decree for alimony if the evidence satisfactorily shows that such decree should be modified by reason of changed conditions.

The testimony at the hearing of defendant's motion for modification of the decree is exceedingly brief and contains little which has any bearing upon the present ability of the defendant to pay or the present need of the plaintiff for support. The testimony of the defendant does, however, show that his gross income for the year 1944 "might be somewhere around" $10,000; and the testimony of the plaintiff shows that as of the time of trial she was employed at a wage of $175 a month, which, however, she said "was only for the duration." There is nothing to show that either

the plaintiff or defendant have any obligation to contribute to the future support of their children now of legal age.

■ These considerations tend to support the conclusion of the trial court that the decree which awarded $40 per month for the support of the plaintiff should be modified as to the future. However, it appears also that since the date of the divorce the defendant has been three times cited for contempt of court for failure to comply with the original decree and has twice been convicted. We must presume that the defendant having had the ability to pay nevertheless, twice willfully refused to comply with the decree. The testimony also persuasively suggests that the defendant has attempted to avoid payment by keeping most, if not all, of his property in the name of his present wife. Under the circumstances it can scarcely be said that the defendant comes into a court of equity with clean hands. We think the ends of justice will be served if the decree concerning alimony is modified to provide for the payment of $15 per month toward the support of the plaintiff instead of $40 as originally required. If, as plaintiff predicts, her future earning power becomes less or her necessity in other respects becomes greater, she may apply for modification of the decree. In that event the issue will again be decided upon consideration of plaintiff's need and the defendant's ability to pay.

The plaintiff's second assignment of error is to the effect that the court erred in ordering that the plaintiff credit the defendant with installments made directly by the defendant to the minor children of the parties. The evidence discloses that prior to the time when either of the children entered college the defend-

ant was in arrears for failure to comply with the decree of the court concerning alimony for the wife and support money for the children. During the period in which the children were in college the evidence tends to indicate that the defendant paid directly to the children or directly for their benefit, but not to the plaintiff, sums of money considerably in excess of the amount which accrued during the same period for the support of the children under the terms of the decree and which, by the decree, were payable directly to the plaintiff. The defendant contends that the excess, during the college period, should be credited *pro tanto* in the reduction of the arrearage which existed prior to this period.

The statute which authorizes the modification of alimony provisions in decrees of divorce reads as follows:

"* * * Provided, however, that such decree shall be a final judgment as to any instalment or payments of money provided for therein which have accrued up to the time either party shall move the court to set aside, alter or modify the same; and provided further, that the court shall not have the power to set aside, alter or modify such decree or any portion thereof which may provide for the payments of money, either for the nurture or education of minor children or the maintainance of either party to the suit, which have accrued prior to the filing of such motion." O. C. L. A. § 9-915.

■■ By the plain provisions of the statute, accrued installments become final judgments beyond the power of the court to modify; except that, upon the filing of a motion for modification by either party, the court may, upon proper showing, modify the decree as to alimony or support money as of the date of the filing of

the motion. The form in which O. C. L. A. § 9-915, supra, now appears is the result of the amendment of 1921, Laws of 1921, Chap. 114, p. 225. Prior to the amendment of 1921, the power to modify applied not only to future installments but could also be exercised as to installments which had already accrued.

The effect of the 1921 amendment is discussed in *Mason v. Mason*. In that case the court said:

"It will be seen * * * that a divorce decree providing for monthly payments becomes a final judgment as to any installments or payments of money provided for therein which have accrued up to the time either party shall move the court to set aside, alter or modify the same, *and, when such motion is made, it takes away from the court the power* to set aside, alter or modify such decree or any portion thereof which provides for the payment of money either for the nurture or education of minor children or the maintenance of either party to the suit which have accrued prior to the filing of such motion. * * *" *Mason v. Mason,* 148 Or. 34, 41, 34 P. (2d) 328. (Italics ours.)

It was held in that case that the amendment which gave finality to accrued installments was not applicable for the reason that neither party had ever moved the court to set aside or modify the decree. But it is not the filing of the motion which accords to already accrued installments the quality of a final judgment. The date of the filing of the motion merely marks the time as of which a modification may go into effect. Cases might arise in which no change of circumstances had occurred and therefore neither party would be entitled to a modification of the decree. A strict application of the rule in *Mason v. Mason* would imply that the plaintiff would be required to file an unjustified motion for modification in order to give the quality of finality to

accrued installments of alimony. Such a construction would reduce the statute to an absurdity.

In the case at bar the original decree for support and alimony remained unmodified until the order of the trial judge which relieved the defendant of the payment of alimony as of January 16, 1945, and each installment as it accrued became a final judgment. True, it is urged that when defendant was sentenced for contempt he was permitted to purge himself and remain out of jail if he paid monthly sums less in amount than those required by the original decree. But such order could not have affected the amount of the arrearage as of that date nor did it operate to modify the original decree thereafter. It follows that the obligation of the defendant to pay as provided in the original decree was a continuing one; and, since there was no motion to modify and no order modifying the decree as to the college years, each installment became a final judgment in favor of plaintiff as it accrued. The installments continued to accrue and become final from the date of the original decree at the rate of $30 per month as to each child until he or she reached majority and at $40 per month as to the plaintiff until January 16, 1945. The total obligation of the defendant is a matter of simple calculation.

It should be observed that though the defendant furnished substantially all of the finances for the college education, nevertheless the wife contributed something for their support during that period and continued to provide a home for the accommodation of the children who were still in her legal custody and who at times returned to her.

■ Once the total amount which the defendant was required to pay has been computed, it will be necessary

to determine the credits which the court of equity should allow to defendant. The burden of proof of payment rests upon defendant. *Openshaw v. Openshaw,* 86 Utah 229, 42 P. (2d) 191, at page 193.

Robert, the son of the parties, entered college in September 1938 and continued until December 30, 1942, but he became of age on February 14, 1941, when the obligation of the defendant to pay for Robert's support terminated. For the period from September 1, 1938, to February 14, 1941, there became due to the plaintiff, at $30 per month for thirty months, $900 for Robert's support. While Robert was in college the defendant paid directly to him $2,043.28 as shown by checks (Exhibit 2), some of which was paid after Robert became of age. Defendant claims a larger total but the exhibit does not support his claim. The daughter, Jeanne, entered college in September 1942 and remained through June 1944. From September 1, 1942, through June 1944, there became due under the decree $30 per month for twenty-two months, or $660. Within the same period the defendant paid directly to the daughter or some third party for her $1,152.25 as evidenced by checks (Exhibit 3). Defendant claims a larger total in the sum of $1,278.25, but again the exhibit does not support his contention.

■ As we understand the record, the plaintiff is willing to credit the defendant on account of payments to the son while in college to the extent of $900, and on account of his payments to the daughter to the extent of $660. As to the excess paid to the children during the college period over and above the amounts he was required by decree to pay to the plaintiff for their support during that period, a different situation arises. It was proper for the defendant to pay for the college

education of his children. In fact the plaintiff, having the legal custody of the children, upon proper showing, could have secured an order requiring the defendant to pay to plaintiff during their minority the additional sums necessary for the college education of the children. *Jackman v. Short,* 165 Or. 626, 109 P. (2d) 860, 133 A. L. R. 887. If such an order had been made, then the increased payments during the college period would merely have satisfied the accrued installments under the decree for that period. There would have been no excess to apply against the earlier arrearage. In this case, however, the defendant as a volunteer and in violation of the decree paid the sums in question directly to the children.

■ The general rule is to the effect that, when a defendant husband is required by a divorce decree to pay to the plaintiff money for the support of the children and the unpaid and accrued installments become judgments in favor of the plaintiff, he cannot, as a matter of law, claim credit on account of payments voluntarily made directly to the children, though special considerations of an equitable nature may justify a court in crediting such payments on his indebtedness to the plaintiff when that can be done without injustice to the plaintiff wife. Circumstances might also arise which would render it inequitable for the court to lend its aid in compelling the defendant to pay the same amount to the plaintiff which he had already expended in support of the children. *Mason v. Mason,* supra, at page 143. The general rule is, however, as above stated. 27 C. J. S., 1029, Divorce, § 251.

In *Openshaw v. Openshaw,* the defendant was required by a divorce decree to pay alimony. He claimed

credit for money paid directly to the children. The court said:

> "The payments to the children themselves do not appear to have been made as payments upon alimony, but were rather the result of his fatherly interest in the welfare of those children. We do not believe he should be permitted to charge them to plaintiff. By so doing he would be determining for Mrs. Openshaw the manner in which she should expend her allowances. * * * By this, however, we do not wish to be interpreted as saying that circumstances may not arise where it is proper to charge to the decree support given to children. Those circumstances are not shown in this case." *Openshaw v. Openshaw,* supra.

In *Roach v. Oliver* a decree of divorce awarded alimony to the plaintiff for the support of herself and minor children. The defendant was cited for failure to comply with the decree. He claimed by way of defense that he had paid and obligated himself to pay, money directly for the support of the son though not to the plaintiff. The court said:

> "It will be noted that the judgment of $75.00 per month was in favor of the plaintiff wife, and that she was granted the custody of both children. This judgment could not be paid or satisfied without the money being received by the plaintiff wife, or paid to others by her authority. There is no claim by the petitioner that the payments made by him for the son, or that the aforesaid arrangements claimed to have been made by him in behalf of said son, were with her authority or consent. Therefore, it cannot be asserted that the doings of the petitioner in the aforesaid respects amount to a payment upon the judgment. This is not a proceeding under the latter sentence of Section 10481, Code 1931, for modification of the decree by reason of changed conditions and circumstances since the granting of

the decree, which might warrant the court in the exercise of equitable principles to grant a change therein. Even in such proceeding, the accrued and unpaid payments for alimony and for support of the children are beyond the power of the court to modify.'' *Roach v. Oliver,* 215 Iowa 800, 244 N. W. 899.

In *Cotton v. Wright* the defendant had made payments by check to the children, who had endorsed the checks to their mother, and she had collected the money. It was held that since the wife had actually received the money the defendant should be given credit. The court then said:

''* * * But, as to the other amounts for which defendant claims credit, such as some small bills which he had paid for goods he had ordered, the [lower] court ruled that he was not entitled to credit for them because he could not dictate to his wife how the sums due her should be used. The judge ruled that, in as much as the children had been placed in her custody and the defendant had been required to pay to her each week a certain sum for the support of herself and the children, the disbursement of these sums was her privilege and responsibility, and that he had no right to dictate to her how the amounts should be used. We think his ruling was correct.'' *Cotton v. Wright,* 193 La. 520, 190 So. 665.

See also *McCourtney v. McCourtney,* 205 Ark. 111, 168 S. W. (2d) 200; *Smith v. Smith,* 63 Wash. 288, 115 P. 166.

In *Mooty v. Mooty,* 131 Fla. 151, 179 So. 155, the defendant became in arrears under a divorce decree which had required specified payments to the plaintiff for support of the children. Plaintiff cited the defendant to show cause why he should not pay the arrearage.

Defendant admitted that he had not paid the required installments to his wife as provided in the decree but showed that he had paid expenses incident to the support of his daughter as a student in college, which amount was in excess of the arrears. The court observed that the wife had no personal interest in the money payments which were to be used solely for the children and allowed the defendant credit "to be applied as against the item of $752.50," the amount of the arrears. The case is not inconsistent with our conclusion here. It does not appear that any payments made to the daughter were made as credits against indebtedness to the wife which had accrued prior to the time when the daughter entered college.

In the case at bar the decree required payments to the plaintiff for the support of both the children and the wife. It is obvious that the defendant could claim no credit on his accrued indebtedness of $40 per month for the support of his wife by reason of payments for the support of the children while in college.

In *Graham v. Graham,* 135 Neb. 761, 284 N. W. 280, the defendant in divorce was required to make monthly payments to the plaintiff, nothing being said concerning payment for the children. Custody of the children was awarded to the plaintiff, although for a time they were in fact in the custody of the defendant. A Nebraska statute made "all judgments and orders for payment of alimony" collectable as "other judgments." It was held that expenditures made by the father for the support of the children while in his custody "may not be treated as credits on the alimony award or considered as a satisfaction pro tanto thereof."

■ In view of the apparent consent of the plaintiff and the equities of the situation, the defendant will be

allowed credit against his accrued indebtedness for the support of the children in the sums of $900 and $660 being the amounts which he should have paid to the plaintiff, during the time the children were in college, under the terms of the decree. We hold that he is not entitled to credit for sums paid directly to the children during the college period in excess of the amounts required for that period by the decree. It would be an injustice to the plaintiff to allow the defendant any credit for payments made to the children on his indebtedness to the plaintiff which had been incurred before the children went to college and while the plaintiff was responsible for their support.

The defendant contends that the plaintiff acquiesced in the practice of sending the money directly to the children instead of to her. We think the evidence preponderates against that claim. But in any event she never consented that voluntary payments to the children should be applied against installments due to her which had accrued before the payments to the children were made.

■ The order from which this appeal is taken provides:

"That the arrearage if any of such payments presently existing * * * must be and is deemed and considered a mere money judgment in its character."

The trial court was without power thus to denature the judgments which had become final under the original decree. Whatever remedial rights the plaintiff may have had, whether by execution or by contempt, were unaffected by the quoted provision.

■ The order from which the appeal is taken was based upon a motion of defendant for modification of

the decree and for a determination of the unpaid balance. The plaintiff filed an affidavit in opposition to the motion for modification of the decree, but she made no motion for a determination of the balance, and no determination was made. Plaintiff now suggests that this court "might in its discretion" determine the amount due. Plaintiff has no standing to appeal from the failure of the court to make an adjudication which only the defendant had requested. It is clear that the defendant is indebted to the plaintiff upon accrued installments. The gross accruals may be easily calculated, but the credits against the gross accrued payments are in dispute and cannot be determined from the present record or without a full accounting. The defendant has requested such a determination of the balance due and is entitled to press his demand on a remand of the case. Plaintiff is also entitled to a determination of the balance if she applies therefor.

■ The practice disclosed in the record of this case of levying execution when only the amounts of the debits are known and the credits are in dispute is perilous and not to be commended. After adjudication of the balance due, the right to a writ of execution would be clear.

The order of the circuit court is modified so as to reduce the alimony payments to the wife from $40 to $15 a month from and after January 16, 1945, the date of the defendant's motion for modification. Upon any future accounting, credits will be allowed to the defendant on account of moneys which he has paid directly to the children during the college periods to the extent herein specified and no more. Plaintiff may have costs and disbursements on this appeal.