Verna STEMME, (Plaintiff) Appellant,

v.

Howard STEMME, (Defendant) Respondent,

St. Louis County Water Company, Garnishee of Howard Stemme, Defendant, Garnishee.

No. 30767.

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1961.

Paul Taub, Overland, for appellant.

Albert J. Haller, Clayton, for respondent.

ANDERSON, Presiding Judge.

This is an appeal from an order of the Circuit Court quashing a writ of garnishment issued upon the application of plaintiff, Verna Stemme, and directed to defendant's employer, St. Louis County Water Company.

The purpose of the proceeding was to subject any sum, which was owed defend-

ant by the garnishee, to the payment of an alleged amount due on judgment for child support theretofore obtained by plaintiff in a divorce proceeding.

The parties were divorced by a decree of the Circuit Court of St. Louis County on February 25, 1955. The decree provided that defendant should pay to plaintiff Fifteen Dollars per week for the support of each of two minor children, Howard Stemme, Jr. and Harriet Stemme. In the application for the writ of garnishment filed by plaintiff on July 29, 1960, it was claimed there was $3,600 due on the judgment. On August 11, 1960, defendant filed his motion to quash the garnishment on the ground that he had fully complied with the order of the court with respect to the payment for child support.

The alleged delinquencies in the payments for the support of the son occurred during the period from September, 1956 until the son became of age, July 9, 1959. The alleged delinquencies with respect to the daughter Harriet's support occurred during the period from September 1, 1958, to the date of garnishment, July 25, 1960. In 1956 defendant paid plaintiff $1,335 leaving the sum of $225 unpaid. In 1957 defendant paid to plaintiff the sum of $1,190, leaving a sum amounting to $370 unpaid. In 1958, defendant paid plaintiff $635, leaving a balance due of $925. In 1959 no payments were made to plaintiff, and since the son, Howard, Jr., became of age on July 9th of that year, the alleged delinquency in payment was the sum of $1,185. In 1960 there was a delinquency in the payments due for Harriet's support amounting to $450. The total delinquencies amounted to $3,155.

The son, Howard, Jr., entered Lehigh University in September 1956, and continued as a student there through the school session beginning in 1959. He had a tuition scholarship, but needed funds for living expenses. Plaintiff testified that when Howard, Jr. first entered the University she borrowed either five or six hundred dollars and opened a bank account for him. He also worked, and while attending the University, lived at Bethlehem, Pennsylvania, where the University is located. During the time Howard, Jr. lived away from home plaintiff received no payments from defendant for the support of her son, but for any week he did live with her, plaintiff received from defendant the sum of $15. The son, Howard, Jr. became twenty-one years old, July 9, 1959.

The daughter, Harriet, attended school at the University of Illinois beginning in 1958. She lived at the University during such times she was in attendance there. During the school vacation period in 1959, Harriet lived for a time with her father. During the time Harriet lived at her mother's home, defendant paid to plaintiff the $15 a week support money. While Harriet resided away from the mother's home no payments on account of Harriet's support were made to plaintiff by defendant.

It was shown that in 1956 defendant deposited the sum of $708.15 in a bank account which was in the son's name. In 1957 defendant deposited $760 in the same account. In 1958 there was a deposit of $2,071.91 by defendant in said account, and in the year 1959, the sum of $993.16 was deposited. In 1958, defendant deposited in a bank account in the name of the daughter, Harriet, the sum of $785.62; in 1959, the sum of $2,290.49; and in 1960 the sum of $873.89. All payments for Harriet's school expenses were paid by her out of the account in which her father had made said deposits.

If defendant is entitled to credit for the amounts of the deposits made in the children's bank accounts as payments on the judgment, there is, then, no balance due plaintiff on said judgment.

Plaintiff testified that defendant never asked her consent to his depositing any sums of money in the names of the children; that he never consulted her about it; that it was not done with her agreement; that she had nothing to say about it, and

that she had never indicated to defendant that it might be done or that she would accept it if done. The foregoing evidence was uncontradicted.

Upon interrogation by the court, plaintiff testified she knew from her son that defendant had deposited some money in the son's bank account in 1956. She further testified that she was sure defendant had contributed money to the son in 1957, 1958 and 1959, but had no proof of how much it was. She further stated that after ·1956 she did not contribute anything for her son's schooling. On cross-examination plaintiff testified the checks made payable were not delivered to her in person by defendant, but delivered to the children. She further testified she tried to talk to defendant about this matter twice, which resulted in defendant's cursing and swearing.

Appellant contends that the trial court erred in sustaining the motion to quash the garnishment for the reason that the evidence clearly shows that the judgment on which the garnishment was issued had not been paid. It is the position of respondent that the payments made by him directly to the children should be credited as payments on the judgment and when so considered there was substantial compliance with the spirit and intent of the decree.

■ It is the general rule that when a defendant husband is required by a divorce decree to pay to the plaintiff money for the support of their children, accrued and unpaid installments become judgments in favor of the wife, and the husband cannot claim as credits on said judgment payments made directly to the children, or to others for their benefit, except where such payments are made with the express or implied consent of the wife, or where "compulsion of circumstances" make necessary such course of action. See Goeller v. Goeller, Mo.App., 346 S.W.2d 545; Steckler v. Steckler, Mo.App., 293 S.W.2d 129; M— v. M—, Mo.App., 313 S.W.2d 209; Briggs v. Briggs, 178 Or. 193, 165 P.2d 772, 166 A.L.R. 666; Openshaw v. Openshaw, 86 Utah 229, 42 P.2d 191; Roach v. Oliver, 215 Iowa 800, 244 N.W. 899; Cotton v. Wright, 193 La. 520, 190 So. 665; Mason v. Mason, 148 Or. 34, 34 P.2d 328; Duncan v. Roane (La.App.), 127 So.2d 191.

■ The basis for such ruling is that, since the mother has been awarded the custody of the children and a judgment rendered in her favor for their support, it is her privilege and responsibility to determine the manner in which the funds payable· under the judgment are spent. It is said in such cases that the father has no right to alter the terms of the decree and dictate the method of furnishing support. Goeller v. Goeller, supra;. Steckler v. Steckler, supra; Duncan v. Roane, supra; Cotton v. Wright, supra; Roach v. Oliver, supra; Openshaw v. Openshaw, supra.

■ There is no evidence in the record that Appellant ever expressly agreed that the deposits made by Respondent in the children's accounts should be considered as payments on the judgment. Just the opposite appears from appellant's testimony. She testified that respondent never asked her consent to his making the deposits, never consulted her in any way about it, and that it was done without her consent. Defendant did not deny this testimony. In fact, he did not take the stand to testify in the case. Neither was there evidence adduced from which an implied consent could be found. Mere silence with knowledge on the part of appellant that respondent was making some payments directly to the children is not sufficient, in our judgment, to warrant a finding of implied consent.

Under the circumstances it cannot be held that appellant was under a duty to protest or lose her rights under the judgment. Rather it was respondent's duty to pay to appellant the amounts due or secure her consent to a different method of payment, or perhaps he could have requested the court to change the decree with reference to this matter. Nor was there any "compulsion of circumstances" shown. Appellant

did not abandon the children or consent to a change in custody arrangements which would constitute "compulsion of circumstances" under the decisions.

In our opinion the trial court erred in quashing the garnishment. The judgment appealed from is reversed.

RUDDY, J., and JOHN J. KELLY, Jr., Special Judge, concur.

WOLFE, J., not participating.