Argued May 16, affirmed as modified July 5, 1977

In the Matter of the Marriage of
STENERSON, *Respondent,*
*and*
STENERSON, *Appellant.*
(No. 47642, CA 7676)

566 P2d 205

Malcolm Corrigall, Albany, argued the cause for appellant. With him on the brief was Edward L. Daniels, Daniels & Corrigall, Albany.

J. W. Walton, Corvallis, argued the cause for respondent. With him on the brief was Ringo, Walton & Eves, P.C., Corvallis.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Wife appeals a dissolution of marriage decree contending (1) the spouse support ordered is insufficient as to amount and duration, (2) that the child support decreed was insufficient, (3) that she should have been awarded the family residence, and (4) that she should have been given a judgment for unpaid child support.

The parties were married approximately 13 years and have two children, ages 10 and 13. Wife was given custody of the two children and husband was required to pay $100 per child per month child support and $100 per month spouse support for six months. The principal marital assets are two parcels of real property; a 7.75 acre unimproved tract of land valued at approximately $16,800 encumbered by a $6,600 mortgage and the family residence valued at approximately $28,000 with a $17,000 mortgage. The real property was awarded to the parties equally as tenants in common and the court ordered that both parcels be sold and the proceeds divided equally.

Both parties are in their mid-thirties and in good health. Husband is employed in a plywood mill earning a net salary of $975 per month supplemented by overtime pay on an irregular basis. He lists his expenses as $434 per month exclusive of payments on the real property and the support payments ordered in the decree.

Wife has had little work experience during the marriage and is presently attending a community college studying toward certification as a paramedic. The complete training program requires one more year of schooling plus 18 months as an intern. She will receive compensation during the internship. She is presently working part-time as a housekeeper earning approximately $100 per month. The wife expressed confidence she would be able to obtain employment after her internship and become self-supporting. She contends the spouse support should be increased to

[ 63 ]

$200 per month for a period of two years to enable her to finish her education and obtain employment.

■ One purpose of spouse support expressed in *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974), is to allow the previously nonworking spouse to become self-supporting. The spouse support decreed should be reasonably sufficient, consistent with the needs of the receiving spouse and the financial ability of the paying spouse, to accomplish this purpose. Without the spouse support payments the wife's income would be insufficient to allow her to complete her schooling and meet the reasonable expenses of herself and the children. Accordingly, the decree is modified to require the spouse support payments for one year from the date of the decree rather than for six months. This will allow her to complete her education and enter the intern program where she will receive a salary.

■ We agree the child support ordered is insufficient. Wife's estimated monthly expenses, excluding housing, are approximately $400. Husband is required, under the decree, to make the house payments. When the family residence is sold, pursuant to the decree, wife will have an additional expense of providing suitable living quarters for herself and the children. This will increase her monthly expenses by approximately $200. Husband's monthly expenses will be reduced by the amount of the house payment when the property is sold. Considering the relative financial position of the parties it is reasonable to require the husband to make a greater contribution to the support and maintenance of the children. Accordingly, the decree is modified to increase the child support to $150 per child per month.

■ Wife contends the family residence should have been given to her free of any interest of the husband. Since she has custody of the children, she argues, she will have to provide a home and would be unable to acquire comparable living quarters for $216 per

month, the amount of the mortgage payment. The valuation of the real property came solely from the testimony of the wife with very little basis expressed for the evaluations. The court devised an equitable basis for dividing the equity the parties had in the property. With her share of the proceeds the wife will be able to make a down payment on suitable housing for herself and the children. We find the distribution of the real property was equitable.

■ The final assignment of error relates to a credit given the husband for clothing he bought for the children. A temporary order had been entered ordering the husband to pay support of $100 per child per month to the wife during the pendency of the suit. At the time of the hearing the husband was $250 in arrears in meeting this obligation. He testified that he had purchased clothing for the children valued at $249. The judge declared the arrearage satisfied. The wife argues that she did not request or authorize the purchase and that the husband acted as a volunteer in making the expenditures.

The general rule was stated in *Briggs v. Briggs,* 178 Or 193, 204, 165 P2d 772, 166 ALR 666 (1946):

> "The general rule is to the effect that, when a defendant husband is required by a divorce decree to pay to the plaintiff money for the support of the children and the unpaid and accrued installments become judgments in favor of the plaintiff, he cannot, as a matter of law, claim credit on account of payments voluntarily made directly to the children, though special considerations of an equitable nature may justify a court in crediting such payments on his indebtedness to the plaintiff when that can be done without injustice to the plaintiff wife. * * *"

■ There are no equitable considerations excusing the husband's deviance from the support order. In so doing he removed from the wife the decision as to how to spend the support payments to best provide for their children's welfare. The custodial parent has such prerogative. *See Openshaw v. Openshaw,* 86 Utah 229, 42 P2d 191 (1935).

The decree is modified to give wife a judgment of $250 for the accrued support payments.

Affirmed as modified. No costs to either party.

**LEE, J.,** dissenting in part.

I am in accord with the majority opinion except that under my application of *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974), I would award spousal support of $100 per month for an additional year to further assist wife in her effort to become self-supporting notwithstanding that she will receive some pay and credit hours during her required internship. The husband earns a gross monthly income of approximately $1,170 plus overtime so could reasonably afford such additional spousal support. Accordingly, I respectfully dissent as to the duration of the spousal support awarded by the majority.