The parties were divorced in Scott County, Iowa, in 1975. The decree of divorce awarded custody of the two minor children to the mother and ordered the father to pay as child support $25.00 per week per child until the children reached majority, married, or became self-supporting. In 1983, the parties agreed that the father would pay the mother $57.00 per week in lieu of a suit for non-support. The mother and children had moved to Alabama prior to the making of the agreement, and the agreement was ratified by the Jefferson County Circuit Court in October 1983.
The father made child support payments pursuant to the agreement until June 1984, when one of the minor children went to reside with her paternal grandmother in Sheffield, Alabama. At that time, the father reduced payments by $28.50. The father continued to make the reduced payments until June 1986, at which time the child returned to live with her mother. *Page 27 
On December 18, 1985, the mother filed a Petition for Rule Nisi and Modification, alleging that the father was in arrears in child support. The trial court, in February 1987, found the father in arrears in the amount of $4,150.00. The father appeals the judgment of the trial court.
The appellant contends that the trial court erred by not allowing the father a credit of approximately $2,900.00 against the support arrearage for the period that the minor child was not living with the mother.
The order of the trial court reveals that the law of Iowa was applied in determining whether a credit would be allowed for the arrearages in child support. Under the applicable Iowa law, the father is clearly not entitled to credit for monies expended on behalf of his child unless expressly authorized to do so by the mother. Roach v. Oliver, 215 Iowa 800,244 N.W. 899 (1932).
In Alabama, claims of arrearage in child support may in certain circumstances be offset by credit for amounts expended by the obligated parent when that parent actually furnishes support for a child in his custody or custody of another.Weaver v. Weaver, 401 So.2d 77 (Ala.Civ.App.), cert. denied,401 So.2d 78 (Ala. 1981). However, in this case the record is devoid of any evidence that the father actually furnished support for the child during the time period in which she resided with her paternal grandmother. Thus, the same result is reached in this case under the laws of Iowa and Alabama, and we cannot say that the trial court erred to reversal in its judgment.
The case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.