Argued May 21, affirmed July 19, 1976

In the Matter of the Marriage of
MARRS, *Respondent,*
*and*
MARRS, *Appellant.*
(No. 73-1118-E, CA 5800)
551 P2d 1318

*William H. Ferguson,* Medford, argued the cause for appellant. With him on the brief were Grant, Ferguson & Carter, Medford.

*Alan B. Holmes,* Medford, argued the cause for respondent. With him on the brief were Holmes, James & Clinkinbeard, Medford.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

**FOLEY, J.**

This is an appeal from an order denying a motion to modify a dissolution decree by eliminating the $450 per month support awarded therein. We affirm.

■ A decree of dissolution was entered July 18, 1974, which, after division of property, awarded monthly support to the wife of $450 per month for ten years. This court affirmed the decree. *Marrs and Marrs,* 20 Or App 320, 531 P2d 713, Sup Ct *review denied* (1975). Husband contends that there has been a sufficient change of circumstances to warrant modifying the monthly award because the wife is now working and has sold the house which was awarded to her. The wife is partially disabled and is a probationary employe with a car rental agency, with a salary of $87.50 gross per week. While employability of the wife is a factor which may be considered in determining her right to continued support, it is but one circumstance. As pointed out in Annotation, 18 ALR2d 10, 62 (1951):

> "The mere fact that the wife has secured employment or that her income has increased since the entry of the decree for alimony or maintenance does not automatically require a reduction in or termination of payments, since the circumstances may be such that it will be just to permit the wife to receive the alimony or maintenance in addition to her income from personal services."

■ In its memorandum opinion denying modification the trial court stated:

"* * * * *

> "This Court and the Court of Appeals both felt at the time of the divorce that petitioner would become employed. This Court knew at the time of the divorce that it would be necessary for petitioner to sell the home that was given to her because it was too expensive for her to keep even with the alimony and her probable earnings. Where the alleged change in the circumstances of the parties is one that the trial court expected when it entered the original decree the change is not a ground for a modification of the decree. * * * [Citations omitted.]

Petitioner is employed more than half-time but minor fluctuations in income are a common occurrence and are not a ground for a modification of the decree.
"* * * * *."

We agree with the trial court that the husband has failed to carry his burden of proving a sufficient change in circumstances to warrant modification. *See Hurner v. Hurner,* 179 Or 349, 170 P2d 720 (1946).

Affirmed. Costs to respondent, no attorney fees.