BLOCH, *Respondent—Cross-Appellant,*
*v.*
BLOCH, *Appellant—Cross-Respondent.*
(No. 353-124, CA 5957)
552 P2d 278

*Edwin J. Welsh,* Portland, argued the cause for appellant—cross-respondent. With him on the briefs were Welsh & Winfree, Portland.

*Walter H. Evans, Jr.,* Portland, argued the cause for respondent—cross-appellant. On the briefs were William D. Peek and Evans & Peek, Portland.

 

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The husband appeals from the order of the trial court which requires him to pay support to the wife in the amount of $250 per month until she reaches age 62, remarries or dies.

The wife cross-appeals contending that the trial court erred in ordering that the support payments should commence in January 1976, the time of the hearing on the support motion, rather than from the date the wife filed her motion for continued support, September 30, 1974.

The parties were married in 1948 and divorced in 1971. The husband is now 58 years of age, the wife 53. By the terms of the 1971 decree the husband was required to pay support to the wife in the amount of $600 per month for six months, $500 per month for six months and $400 per month for an additional two years. The decree provided that the wife could request a continuance of support any time before October 31, 1974. The wife filed such a motion and the trial court awarded her the support noted above. It is from this order that the husband appeals and the wife cross-appeals.

■ After our *de novo* review, we conclude that support in the amount of $250 per month until the wife reaches age 62, remarries or dies is appropriate.

Considering the question of when the award of continuing support should commence, we note that our Supreme Court considered the question of whether a court has the power to make a modification retroactive to the date of the filing in *Briggs v. Briggs,* 178 Or 193, 165 P2d 772, 166 ALR 666 (1946). The court stated, 178 Or at 200-01:

> "By the plain provisions of the statute, accrued installments become final judgments beyond the power of the court to modify; except that, upon the filing of a motion for modification by either party, *the court may, upon proper showing, modify the decree as to alimony or*

*support money as of the date of the filing of the motion.* * * *" (Emphasis supplied.)

The court was there construing § 9-915, OCLA, a portion of the predecessor to the present dissolution law. That section provided:

"* * * [S]uch decree shall be a final judgment as to any instalment or payments of money provided for therein which have accrued up to the time either party shall move the court to set aside, alter or modify the same; and provided further, that the court shall not have the power to set aside, alter or modify such decree or any portion thereof which may provide for the payments of money, either for the nurture or education of minor children or the maintenance of either party to the suit, which have accrued prior to the filing of such motion."

The present dissolution law contains a very similar provision, ORS 107.135(2), which provides:

"The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion."

ORS 107.135(2) is so similar to § 9-915, OCLA, that an interpretation permitting a court to make a modification retroactive to the date of the filing of the motion requesting such change is required by the Supreme Court's decision in *Briggs.*

While the court has the power to make an award retroactive and probably would make it so in a situation where the obligor spouse has purposefully caused delay, a court is certainly not required to do so. *Briggs v. Briggs, supra* at 200-01. For instance, where the moving party has inexcusably caused a substantial delay, and the imposition of a retroactive award would impose an undue burden on the obligor spouse, it may not be appropriate to award support for the period between the filing of the motion and the date of the hearing.

[ 248 ]

■ The situation before us is probably more typical, and certainly more difficult, than either of the extremes noted above. The delay here is attributable to both parties, and appears to be mostly the result of innocent misunderstandings and unavoidable scheduling conflicts. We agree with the trial judge that the award should not be made retroactive to November 1, 1974, the date at which the support provided for by the original decree ceased.

Affirmed. No costs to either party.