Argued July 22, reversed and remanded September 13, reconsideration
denied October 20, 1976, petition for review pending

WALKER, *Respondent,*
*v.*
WALKER, *Appellant.*
(No. 75-158, CA 6220)

554 P2d 591

*Thomas Garrison,* Roseburg, argued the cause and filed the brief for appellant.

*James H. Spence,* Roseburg, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this procedurally complicated case, the appellant-husband seeks to reduce his support obligations under a foreign divorce decree, and at the same time the respondent-wife seeks to enforce the same support obligations as to certain past due amounts.

I

The parties were divorced in July 1972 in Hawaii. The Hawaii decree granted the wife custody of the parties' three children, and provided that the husband was to pay a total of $900 per month for support of his children and former wife. Subsequently both parties became Oregon domiciliaries.

On February 5, 1975, husband filed a motion to modify the support provisions of the Hawaii divorce decree in an Oregon circuit court. A certified copy of the Hawaii decree was appended to the motion. The circuit court issued an order for the wife to show cause why the Hawaii decree should not be modified, which was duly served upon her.

The wife responded by moving to quash service of the order to show cause, arguing that "the relief sought * * * is not a matter over which the Courts of the State of Oregon have jurisdiction."[1] The wife contended that the decree must first be registered pursuant to ORS ch 24. The circuit court granted the motion to quash, stating it was

"* * * of the opinion that even if Oregon could properly assume jurisdiction to grant the requested relief (a question expressly reserved), the procedure attempted is improper. ORS 24.010 et seq. provides the means for registering a foreign judgment and obtaining the aid of the Oregon courts in its enforcement * * *."

The husband then petitioned for registration of the Hawaii decree. Registration was ordered on October 30,

---

[1] By reciting that the wife raised an objection to the circuit court's subject-matter jurisdiction by way of a motion to quash service of the show-cause order, we do not intend to suggest this procedure was proper. *See, Smith v. Cooper,* 256 Or 485, 488, 475 P2d 78, 45 ALR3d 857 (1970).

[ 703 ]

1975. Another order to show cause why the husband's original motion to modify of February 5, 1975 should not be granted was issued and served upon the wife. So far as we can tell from the record, no further action has been taken regarding modification of the 1972 Hawaii decree.

On February 17, 1976, the wife moved for judgment against the husband for support payments he allegedly had not paid during the prior year. Judgment in favor of the wife was granted ex parte the same day.

On February 23, 1976, the husband moved to vacate the judgment contending that "* * * it was entered through mistake and surprise, and is erroneous and without any basis in law * * *." On March 26 the court denied husband's motion to vacate

> "* * * without prejudice to the Court's reconsideration of [husband's] Motion at a later time. In the event the motion is reconsidered and allowed at a future date, and in the event the Court should determine at a future date that [husband's] support obligation could and should be reduced for a period of time prior to January 5, 1976, then any amounts collected by [wife] on her Judgment of February 17, 1976, over and above what [husband] should have paid, shall be offset against future support payments."[2]

## II

The circuit court erred in granting the wife judgment ex parte for allegedly unpaid support obligations. Although the parties now agree that the husband stopped making support payments when he filed his motion to modify, all that was before the circuit court when it entered ex parte judgment was the wife's allegation to this effect. It is elementary that the husband was entitled to notice and opportunity to be

---

[2] By reciting that the court denied a motion to vacate a judgment "without prejudice" to renewal at a later time, we do not intend to suggest this procedure was proper. The wife's right to payment became final as each payment became due. When the right to payment under the decree is converted into a money judgment, it is impossible to thereafter reconsider the amount of the judgment.

[ 704 ]

heard on this allegation. *Griffin v. Griffin,* 327 US 220, 66 S Ct 556, 90 L Ed 635 (1946).

■ The more difficult question is whether the wife's right to receive support payments could be reduced to judgment, even after notice and hearing, while the husband's motion to modify the support obligations in question was pending. *Griffin v. Griffin, supra,* appears to hold that an obligee spouse in a situation like this cannot receive a money judgment for past due support until the obligor spouse is heard on the merits of a pending motion to modify. But this rule is limited to situations where, under state law: (1) the past due support obligations are subject to modification; and (2) the availability of modification is a defense in an action to enforce or collect past due support. *Griffin v. Griffin, supra,* 327 US at 233-34.

■ Under Oregon law, support obligations that become due after a motion to modify is filed are subject to modification. ORS 107.135(2); *Briggs v. Briggs,* 178 Or 193, 165 P2d 772, 166 ALR 666 (1946); *Bloch and Bloch,* 26 Or App 245, 552 P2d 278 (1976).

■ It does not necessarily follow, however, that the theoretical availability of such a modification is a defense in an action to collect support that comes due after a motion to modify is filed — a question upon which we find no Oregon law. Approaching it as a matter of first impression, we perceive conflicting policy considerations. On the one hand, the obligor spouse who files a meritorious motion to reduce support might reasonably contend that he or she needs immediate relief — not future relief when the court finally has a hearing on the merits, especially since the legislature, the Supreme Court and this court have said that modification can be effective from the date the motion was filed. On the other hand, a policy that runs throughout our domestic relations law, ORS chs 106-110, is that a spouse or former spouse who financially is able to do so should support his or her present or former marital partner and children. This policy would be

thwarted by holding that the possibility of modifying support that falls due after a motion is filed is a defense to an effort to collect support, because it would follow under *Griffin v. Griffin, supra,* that the obligor spouse could unilaterally terminate all support payments between the filing of such a motion and the court's disposition of it.

The issue thus boils down to immediately granting a form of relief to the obligor spouse who has a meritorious claim for a reduced support obligation — the unilateral power to reduce or terminate support paid — versus granting a form of protection to the obligee spouse and children when motion to modify, whether meritorious or frivolous, has been filed — the assurance that present support levels will continue unless and until changed by order of a court. We conclude the balance tips in favor of protection of the obligee spouse and children. We therefore hold that: (1) the possibility of a modification's being effective from the date the motion was filed is not a defense to an effort to enforce or collect the level of support set by prior judicial decree; (2) the obligee spouse and children are entitled to receive the level of support set by the prior decree unless and until changed by court order; and (3) any modification that, in the court's discretion, is made retroactive to the time a motion was filed has to be accomplished by something like a prospective setoff or credit for excess support previously paid.

### III

■  The circuit court also erred in ruling that the Hawaii decree had to be registered before being subject to modification in Oregon. Although we read the wife's motion to quash as an objection to the Oregon court's subject-matter jurisdiction *(but see n 1, supra),* this issue was somehow transformed in the circuit court's order into a question of "proper procedure." But unless some constitutional or statutory provision makes registration of the Hawaii decree essential, we know of no authority that permits the circuit court or this court

to mandate registration as a "preferable procedure." Therefore, we treat this issue as it was originally framed — a subject-matter-jurisdiction question.

No constitutional authority suggests that registration is essential to confer jurisdiction to modify in Oregon courts. *Halvey v. Halvey,* 330 US 610, 67 S Ct 903, 91 L Ed 1133 (1947), and *Hawkins v. Hawkins,* 264 Or 221, 504 P2d 709 (1972), hold that the child custody provisions of a foreign divorce decree are modifiable in a forum having personal jurisdiction over the parties to the same extent that it would be modifiable in the state where rendered. Perceiving no basis for a difference between custody and support provisions, the same rule should be applicable to both.

Hawaii allows support provisions to be modified upon a showing of "a material change in the physical or financial circumstances of either party." HRS 580-47;[3] *see, Blackshear v. Blackshear,* 52 Hawaii 480, 478 P2d 852, 61 ALR3d 653 (1971). Where, as here, all parties are domiciled in Oregon and subject to the personal jurisdiction of Oregon courts, modification is constitutionally permissible upon the same showing. Registration of the Hawaii decree is not mandatory.

There is no statutory basis for a different conclusion. ORS 24.160 provides that registration of a foreign judgment is a permissible, not mandatory, procedure. ORS 43.110 provides that judicial records of sister

---

[3] HRS 580-47 provides in part:

"Upon the motion of either party supported by an affidavit setting forth in particular a material change in the physical or financial circumstances of either party, or upon the motion of the party against whom an order was entered supported by an affidavit setting forth in particular that the other party, although able and capable of substantially rehabilitating himself or herself financially, has wilfully failed to do so, the moving party may, in the discretion of the court, and upon adequate notice to the other party, be granted a hearing. The fact that the moving party is in default or arrears in the performance of any act or payment of any sums theretofore ordered to be done or paid by him or her shall not necessarily constitute a bar to the granting of the hearing. The court, upon such hearing, shall consider all proper circumstances in determining the amount of the allowance, if any, which shall thereafter be ordered * * *."

states are admissible in Oregon courts if certified in a certain manner. Under ORS 109.850, all that is needed to bring a foreign child-custody decree before an Oregon court is a certified copy of the decree. None of these statutes, nor any others, comes even close to indicating that registration in Oregon must occur before an Oregon court has jurisdiction to modify an out-of-state dissolution decree.

Reversed and remanded.