Argued May 2, affirmed July 5, 1977

PACKARD, *Respondent,*
*v.*
PACKARD, *Appellant.*
(No. 305-306, CA 7148)

566 P2d 203

John E. Johansen, Jr., Portland, argued the cause and filed the brief for appellant.

Maxwell Donnelly, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Husband appeals denial of his motion to modify a decree of divorce by eliminating the provision for $250 per month alimony. The husband argues that financial setbacks have hindered his ability to meet the support obligation and that wife's increased income has eliminated her need for support.

The parties were divorced in 1964 after more than 14 years of marriage. Custody of the parties' four children was awarded to the wife and husband was ordered to pay $60 per child per month as child support and $210 per month alimony. The wife was awarded the family home which she still occupies. It has a present value of approximately $35,000 and an outstanding mortgage of $10,000.

In 1966 the decree was modified, on motion of the wife, to increase the alimony to $250 per month and the child support to $75 per child. It was modified again in 1968 to increase child support to $90 per child per month. The latter motion and order did not involve alimony. Three of the children are emancipated leaving one child for which support is paid in the amount of $90 per month. Another child, although emancipated, lives with the wife and pays her $50 per month toward living expenses.

██ The husband, who is seeking modification of the decree, is required to show a material change in his ability to pay support, or in the wife's need for support. *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967); *Osterholme v. Osterholme,* 13 Or App 73, 508 P2d 824 (1973). The relevant changes in circumstances of the parties would be those occurring since the hearing on the last motion for modification in 1968. This later motion involved only change in the child support provisions of the decree, however, essentially the same financial considerations . are material in modifying child support and alimony.

Husband, at the time of the divorce, worked for a

Portland tractor sales firm with an income of approximately $12,900 per year and his income has steadily increased. In 1965 he married his present wife and she has been employed since their marriage. At the time of the last modification husband's income was between $23,000 and $25,000 per year and his present wife's income was $3,700 for a total family income of $27,000 to $28,000 per year. In 1972 husband invested in Packard Tractor Company and now owns 48 percent of the stock. He and his wife are presently employed by Packard Tractor at a salary of $24,000 and $7,800 respectively for a present family income of $31,800 per year.

Since 1972 husband has invested in four business ventures including Packard Tractor Company. Three of his investments have been unsuccessful. He lost $23,000 from the sale of an apartment house, $20,000 from an investment in one automobile rental agency and $18,000 in another. In 1975 Packard Tractor Company ran into financial difficulties and husband obtained $60,000 capital by a loan from other investors of the company. This loan is to be repaid from husband's income and not as a business liability of the company.

Husband's financial ability to pay alimony is little changed from 1968. His family income is greater than in 1968 and the financial difficulties upon which he depends for a material change of circumstances are past investment losses which have little effect on his present liabilities. He is presently making no payments toward discharging the $60,000 loan to Packard Tractor Company and it appears this debt will be repaid from bonuses and stock dividends if and when they are received.

The wife had worked only on a limited basis until 1970 when she obtained full-time employment. Prior to this time she had not worked because of ill health and the need to care for the children. Her present income is approximately $8,000 annually from her

[ 58 ]

employment. At the time of the last modification the wife's monthly income consisted of $250 alimony and $360 child support. In addition she supplemented this amount following the modification by part-time employment earning an average of $200 per month for a total monthly income of $810. Presently three of the children are emancipated and child support payments for them have been terminated. One son, although emancipated, lives with the wife and is supported by her, although he contributes $50 per month toward his living expenses. The wife presently receives monthly net earnings of $564 plus $90 child support, $250 alimony and $50 per month from her son for a total of $954. Although the wife is now earning $8,000 annually and her financial position has improved in that respect, because of the reduction in total child support her useable income has not materially increased. Elimination of the alimony would make it difficult for her to follow what appears to be a reasonable budget for herself and the children. We agree with the court that husband has failed to establish a material change of circumstances sufficient to justify elimination or reduction of alimony.

Affirmed. Costs to respondent.