HELLWEG, *Respondent—Cross-Appellant,*
*v.*
HELLWEG, *Appellant.*
(No. T 25-590, CA 7534)
568 P2d 710

Ralph Bolliger, Beaverton, argued the cause for appellant. With him on the brief was Bolliger, Hampton & Tarlow, P.C., Beaverton.

Sidney A. Brockley, Oregon City, argued the cause and filed the brief for respondent—cross-appellant.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this modification proceeding husband appeals from the court's order reducing spousal support payments from $100 monthly to $75 monthly in lieu of eliminating spousal support entirely. Wife appeals from the reduction of spousal support and from the court's decision to increase child support paid by husband from $100 to $150 monthly instead of the increase to $200 which she requested.

The parties' marriage was dissolved in 1964, and wife was awarded custody of three children, then aged 9, 7 and 2. The decree ordered husband to pay $100 monthly in spousal support and $100 monthly per child in child support.

Husband's income has increased from $1,000 monthly at the time of the decree to $2,666 monthly in 1975. Wife was unemployed at the time of the decree and is now employed at the rate of $715 per month.

Modification of the spousal support provisions of a dissolution decree is appropriate only when a substantial change of circumstances has occurred which could not have reasonably been expected at the time of the decree. *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967). Husband contends that a change of circumstances has occurred in that wife is now employed and has accumulated some assets. In *Pratt and Pratt,* 29 Or App 115, 117, 562 P2d 984 (1977), we noted:

> "The only change in circumstances present in this case is, therefore, the fact that the wife, unemployed at the time of the dissolution, had returned to gainful employment. That this change was, however, not unanticipated is we believe apparent; it is unlikely that either party anticipated that the wife would be able or willing to support herself and her son on the total monthly support payment of $325 provided by husband—her return to work was obviously necessary and foreseeable. * * *"

*See also Packard and Packard,* 30 Or App 55, 566 P2d 203 (1977). It is equally apparent in this case that wife

[ 997 ]

was not expected to support herself and three children on a total of $400 a month and that her obtaining employment was foreseeable. Therefore, no change of circumstances has occurred which warrants any reduction in the $100 monthly spousal support provided by the decree.

■ We conclude that an increase to $150 per month in child support was adequate.

■ Wife also contends that the trial court should have awarded her attorney fees. We do not find that the trial court's decision not to award attorney fees was clearly wrong. *Craig and Craig,* 30 Or App 419, 567 P2d 141 (1977).

Affirmed as modified. No costs to either party.