Submitted on record and appellant's brief November 14, 1977, affirmed January 16, 1978

In the Matter of the Separation of
SCHOLZE, *Respondent,*
*and*
SCHOLZE, *Appellant.*
(No. 21889, CA 8826)
573 P2d 330

Joseph E. Penna, Monmouth, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Buttler and Roberts, Judges.

BUTTLER, J.

[ 95 ]

**BUTTLER, J.**

Husband appeals from the denial of his motion to modify a separation decree by which he sought elimination of spousal support. The decree of separation, entered in November, 1974, required husband to pay $200 per month in spousal support and $100 per month per child in support payments for four children now 16, 15, 14 and 12 years of age.

At the time of the decree husband was self-employed as a residential building contractor; in 1974 his gross income was $15,200. After the decree he formed a corporation with another man; the two men are the only officers and directors. He testified that he receives from the corporation a salary of $1,000 per month "net to me." In addition, he receives income of $170 per month from real estate contracts.

Wife was unemployed prior to the separation of the parties, but shortly thereafter she obtained employment paying approximately $250 per month, and was so employed at the time of the decree. The record does not indicate whether this was part-time or full-time employment. Seven months after the decree, she changed jobs, earning approximately $440 per month. She is now employed at the same job, but her salary has increased to $545 per month. At the modification hearing she testified that she was due for a raise to $600, possibly $650, per month. Her take-home pay was about $370 per month. In addition, she has inherited about $6,000 since the entry of the decree.

■ Husband contends that the claimed decrease in his income, together with the increase in wife's salary and her inheritance, constitute a sufficient change in circumstances to warrant elimination of his obligation to pay spousal support. If husband's gross income had decreased "by one third," as he argues, his contention might have some merit. The record, however, does not support such a decrease; to the contrary, it is questionable whether his income has decreased much, if at all.

His 1974 gross income was $15,200 from a partnership (no withholding); his current income is $1,000 per month from a corporation, net after all withholding. The burden is on husband to establish any decrease in income; we hold that on this ambiguous record he has failed to do so.

■■ The only evidence of a change in circumstances, then, is the increase in wife's income to $545 per month, plus her $6,000 inheritance. The mere fact that the wife's income has increased since the entry of the decree does not automatically require a reduction or termination of spousal support. *Marrs and Marrs,* 26 Or App 33, 551 P2d 1318 (1976). Wife was employed at the time of the decree, and it is unreasonable to assume that the court fixed the spousal support in 1974 with the expectation that wife would earn no more than $250 per month. She is a high school graduate who has taken some courses at a community college; on the face of it, she was capable of earning more than a bare subsistence wage. There is no evidence that an increase in her salary was not anticipated, albeit the amount thereof was unknown.

Husband was, and is, claiming the four children as dependants on his income tax returns. Wife's take-home pay, based upon a monthly salary of $545, was $370. That amount, plus $200 per month in spousal support, is $570. If we deduct $600 (spousal and child support) from husband's net income of approximately $1,170, we arrive at the same amount. When it is considered that wife has custody of the four children, three of whom are teenagers, and that husband is paying $100 per month support for each, it is probable that wife is contributing from her income to the support of the chidren, the cost of which, the record indicates, has increased since the decree.

While there is no evidence that the wife's inheritance was anticipated at the time of the decree, we do not think it was a significant enough factor to justify a modification. It permitted wife to fly her family to

Wisconsin to see her ailing father, to pay some bills, and to put some money in the bank to pay taxes.

Husband has not carried his burden of proving a sufficient change of circumstances to warrant modification of the decree.

Affirmed. Costs to respondent.