Argued and submitted February 8, affirmed as modified May 27, 1980

In the Matter of the Marriage of
McLEAN,
*Appellant,*
*and*
McLEAN,
*Respondent.*

(No. 22127, CA 15295)

611 P2d 693

Paul T. Bailey, Portland, argued the cause for appellant. With him on the brief was William H. Skalak, Portland.

Robert L. Nash, Bend, argued the cause for respondent. With him on the brief was Panner, Johnson, Marceau, Karnopp, Kennedy & Nash, Bend.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

JOSEPH, P.J.

_____
*Schwab, C.J. _vice_ Lee, J., deceased.

**JOSEPH, P.J.**

Husband appeals from the court's order in a modification proceeding denying his motion for elimination of his spousal support obligation. Under the dissolution decree entered in April, 1978, he was to pay $300 monthly permanent spousal support. On appeal we agreed that permanent support was appropriate but modified the amount to $250 per month. *McLean and McLean,* 36 Or App 809, 585 P2d 750 (1978).

Modification of a spousal support obligation is appropriate only when a substantial change of circumstances has occurred which could not have reasonably been expected at the time of the decree. *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967); *Hellweg v. Hellweg,* 30 Or App 995, 568 P2d 710 (1977). Husband contends that a change in circumstances has occurred in that wife is now receiving employee retirement benefits of $280.78 a month which were not contemplated at the time of the original decree.[1]

At the time of the modification in the prior appeal, wife was 58. She was not considered employable and was not expected to increase her income substantially. In concluding that permanent support was appropriate even though the marriage was of short duration — only four years, we stated:

"In this case it is clear that the wife sacrificed secure employment to fulfill what she considered her marital obligation to be with her husband. For a younger person with her qualifications the marriage might have proven a mere interruption in a full-time teaching career, but for her it appears to have been a career termination. If she is employable at all, it is only at a level of income which would provide a standard of living substantially below that she enjoyed while married. In light of that and the other

---

[1] Whether wife was entitled to a pension, or would receive one in the future, was not known at the time of the first appeal. We stated: "It is unclear whether or not she has a vested pension and, if so, when she will be eligible to begin receiving payments." 36 Or App at 813.

factors set forth in ORS 107.105(1(c), permanent support was just and equitable." (Footnotes omitted.) 36 Or App at 814-815.

While the general rule is that an increase in the income of the spouse receiving support does not automatically require a reduction or termination of spousal support as a change of circumstances *(Hellweg, supra; Scholze and Scholze,* 32 Or App 95, 573 P2d 330 (1978)), we noted in *Ward v. Ward,* 41 Or App 447, 451, 599 P2d 1150 (1979):

> "*Modification of alimony awards pursuant to change of circumstances should be governed by the same legal principles and judicial objectives as the award itself.*"

Wife, now 60, is receiving a teacher's retirement pension from Nevada. Husband is no longer the major source of her monthly income; her income has more than doubled from what was anticipated at the time of the decree. While wife is still not generally considered employable, since foregoing her teaching career in Nevada she has substantially supplemented her monthly income beyond that originally contemplated. She remains in relatively good health. Her expenses have increased due to the cost of living from $364 per month at the time of the decree to an itemized monthly total of $465 at the time of the modification hearing.[2]

There is no evidence that wife's pension was anticipated at the time of the decree.[3] In fact, the certainty

---

[2] She testified that her actual expenses were $525 per month. The additional expenses were not itemized.

[3] Husband argues that the trial court erred in excluding three of his offered exhibits. The exhibits were a Nevada decree dissolving wife's prior marriage, the subsequent property division from that earlier marriage, and a quitclaim deed by which she exchanged her interest in some real property for her ex-husband's one-half awarded share of her employee pension. They were offered to impeach wife's prior testimony that she did not have a vested pension.

We conclude that each of the exhibits were properly excluded; they were not relevant to the modification inquiry of whether a change in circumstances has in fact occurred.

of her receiving a pension was denied by her counsel. The spousal support was not fixed with the expectation that wife would receive an additional substantial monthly pension. It was clearly anticipated that she was not generally considered employable and that any supplements to her monthly income would not be of a significant amount.

Under these circumstances, we believe that husband has met his burden of proving a sufficient change of circumstances. While permanent support remains appropriate, the change warrants a reduction in support to $150 per month.

Husband also urges that the reduction of his support obligations be retroactive to the date of the filing of the motion to modify. Oregon law permits a court to modify support obligations that become due after a motion to modify is filed (ORS 107.135(2)); *Briggs v. Briggs,* 178 Or 193, 165 P2d 772 (1946); *Bloch v. Bloch,* 26 Or App 245, 552 P2d 278 (1976); *see Walker v. Walker,* 26 Or App 701, 554 P2d 591, *rev den* (1976). However, we conclude that any delay in this case was not purposefully caused by either party. In such a situation the reduction in support obligations should not be retroactive. *See Bloch v. Bloch, supra.*

The award of attorneys fees was proper. ORS 107.105(4).

Affirmed as modified. No costs to either party.