Argued and submitted June 10, affirmed in part, reversed in part September 7, 1983

In the Matter of the Marriage of

## MOAK,
*Respondent - Cross-Appellant,*

*and*

## MOAK,
*Appellant - Cross-Respondent.*

(94683; A26024)

668 P2d 1249

Larry Dawson, P.C., Portland, argued the cause and filed the brief for appellant - cross-respondent.

Christine Kitchel, Portland, argued the cause for respondent - cross-appellant. With her on the brief was Velma S. Jeremiah, and Stoel, Rives, Boley, Fraser and Wyse, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Husband moved to modify a 1977 dissolution decree to reduce spousal support. Wife moved to modify the decree to include child support for Traci, a minor child of the marriage. The trial court found that it lacked "jurisdiction," because it could not distinguish between provisions for support and for property division and dismissed both motions. Husband appeals and asserts that the court had authority to reduce spousal support, that a substantial change in circumstances warrants a reduction and that the evidence does not support an increase in child support. Wife cross-appeals and asserts that the court lacks authority to modify spousal support, that, in any event, no substantial change in circumstances warrants a reduction in spousal support and that the court has jurisdiction to modify the child support provisions of the decree. We affirm on husband's appeal; on wife's cross-appeal, we modify the decree and affirm it as modified.

Husband, now age 56, and wife, now age 53, were married in 1949. The parties had six children. At the time of the decree they had four dependent children - Gary, 19, Todd, 17, Carol, 15 and Traci, 10. Wife obtained custody of the three minor children. At the time of the hearing in 1982, only Traci was a minor and unemancipated.

The dissolution decree provided:

(1)   Wife was awarded $3,000 per month in spousal support, commencing July 1, 1977, and $3,500 per month, commencing January 1, 1978.

(2)   If wife were to remarry by July 1, 1982, the spousal support payments would be reduced by $250 per month.

(3)   Wife was given a judgment for $500,000, $50,000 of which was payable in instalments over a period of one year from the date of the decree, and $450,000 in two annual instalments of $100,000 and two annual instalments of $125,000 between the fifth and eighth years after the date of the decree.

(4)   Spousal support payments were to be reduced "proportionately" with the instalment payments made on the $450,000 judgment balance, commencing July 1, 1982.

(5)   Husband was ordered to pay $250 per month for the support of Carol while she was a minor.

(6)   Husband was ordered to pay for the support and educational expenses of any unmarried child of the parties between ages 18 and 21 who is regularly attending school.

The court entered the dissolution decree after the parties made a negotiated settlement following several days of trial. The parties agree that the decree mistakenly named Carol, rather than Traci, as the beneficiary of child support. Wife asserts that the decree should be modified to include Traci as the recipient of child support and that the child support for her should be increased to $779 per month. She argues that costs of child support have increased as the child has grown older and that that is a change of circumstances warranting the modification. Husband agrees that he should provide support for Traci, instead of Carol, but contends that wife has not produced sufficient evidence to justify modifying the child support amount of $250 per month.

The trial court found that "the matters of support and property division were so closely intertwined in the decree of dissolution that the court could not distinguish them so could not adjust them." Husband argues that the spousal support payments, and wife argues that the child support payments, are distinct from the property division and can be modified. Each party argues that this court should reach a determination on the merits of its motion for modification. Because the trial court conducted a hearing on the motions before it ruled that it lacked "jurisdiction," the record is sufficient to determine the merits of each motion.

We agree with husband that the court had the power to modify spousal support, but we do not agree that it should be modified. Spousal support may be modified on a change of circumstances, ORS 107.135(1)(a), but a division of property may not. *Horesky and Horesky,* 30 Or App 941, 569 P2d 34 (1977), *rev den* 281 Or 1 (1978). If the distinction between support payments and property division is not clear, the court must determine whether the payments are support payments or a property division on the underlying facts of the case. *Horesky and Horesky, supra.* The labels used by the parties are not decisive. *Schaffer v. Schaffer,* 57 Or App 43, 643 P2d 1300 (1982). The controlling issue is " 'the nature and purpose of

the award.' " *State ex rel Carrier v. Carrier,* 40 Or App 407, 411, 595 P2d 827 (1979).

■■ We find that the payments are spousal support. Wife did not work outside the home during the 28-year marriage. She has no employable skills. Husband received all of the income-producing assets of the marriage. Wife received the family home and her personal possessions. Wife concedes that the purpose of the monthly payments is to provide her support until she can become self-supporting from investment of the money paid to her under the judgment for $500,000. Although the monthly payments are to be reduced as payments are made on the judgment between the fifth and eighth years following the decree, that alone does not indicate that monthly payments are part of the property division and not spousal support. The purpose of spousal support is to provide for the disadvantaged spouse and to encourage economic self-sufficiency. *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977). The nature and purpose of the monthly payments to wife are to provide her with a means of support until she receives the proceeds of the $500,000 judgment. Additionally, the parties in their negotiated settlement at the trial of the dissolution proceeding, and the dissolution decree, referred to husband's monthly payments as spousal support.

■ Modification of spousal support is appropriate only when it is shown that "a substantial change of circumstances has occurred which could not have reasonably been expected at the time of the decree." *Hellweg v. Hellweg,* 30 Or App 995, 997, 568 P2d 710 (1977). Husband argues that he has suffered unforeseen financial problems from failure of specific businesses. His gross monthly income was approximately $21,000 in 1977. At the time of the hearing, it had decreased to $18,600. In addition, he has increased his monthly expenses due to new acquisitions of real estate.

■ Wife argues that the decrease in husband's monthly income is not a substantial change in circumstances warranting a reduction in spousal support. We agree. *See Rice and Rice,* 60 Or App 95, 652 P2d 877 (1982); *Hill and Hill,* 31 Or App 41, 569 P2d 686 (1977). The decree contemplated that husband would continue to receive a substantial income, notwithstanding some fluctuation due to changing economic conditions.

Because husband was obligated to pay wife the $500,000 judgment within eight years of the decree, it is evident the decree contemplated changes in the ownership of husband's properties. The decree also contemplated that wife would remain at home to care for the dependent children, as she did during the marriage. The eventual emancipation of Gary and Todd, ages 19 and 17, was foreseeable at the time of the decree and does not constitute a change in wife's circumstances.

■ The decree should be modified to provide child support for Traci, instead of Carol. Taking into consideration, however, the interrelationship of child support with the property division and spousal support, we do not find that wife has shown a sufficient change in circumstances that would warrant an increase in the amount of child support. *See Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). It must have been foreseeable at the time of the entry of the decree, and contemplated by it, that there would be some increase in the needs of the child as she grew older. *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974). Under the circumstances, wife has not shown an increase in need sufficient to merit further modification of the decree.

Affirmed on husband's appeal; on wife's appeal the decree is modified to substitute Traci Moak for Carol Moak as to child support and to order husband to pay $250 per month child support for Traci and affirmed as modified. No costs to either party.