In the Matter of the Marriage of

HARDEN,
*Respondent,*
*and*

HARDEN,
*Appellant.*

(D7907-65497; CA A28891)

679 P2d 348

Susan D. Ebner, Portland, argued the cause for appellant. With her on the brief was Gary M. Bullock, Portland.

James W. Walker, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Wife appeals an order modifying the dissolution decree to reduce the award of permanent spousal support from $600 to $150 per month. She assigns as error that the trial court (1) failed to consider whether the original spousal support provision was a property division which could not be modified; (2) erred in finding a substantial change of circumstances permitting a permanent modification of spousal support; and (3) erred in allowing a reduction of $450 per month. We reverse.

Husband and wife, each now age 65, were married for 42 years. They have no minor children. Husband is the sole shareholder and employe of a concrete business which, at the time of the dissolution in May, 1980, was the major source of the parties' income. Husband remarried in 1980 and his new wife is presently employed.

Wife has an eighth grade education, has never worked outside the home and suffers from chronic arthritis. She earned a salary from the concrete company answering the telephone when the business operated out of the family home. She is medically unable to live by herself. After the decree wife started to receive social security payments of $320 per month.

The decree provided:[1]

"Petitioner shall pay $600 per month as spousal support with the first of said payments due May 20, 1980, and subsequent payments on the 20th of each and every month thereafter. Said payments shall be made to the Department of Human Resources."

In August, 1982, husband requested a temporary modification of the monthly payments to $300 per month for six months. Wife appeared in court without an attorney and stipulated to the temporary reduction. In February, 1983, husband requested a permanent modification to $300 per month and in

---

[1] The decree also awarded to wife the family home, a land sale contract, checking and savings accounts in her name, savings bonds and personal property. Husband received two duplexes, the concrete company, his IRA account, checking and savings accounts, a life insurance policy, 1979 tax refunds, personal property and the family car. The parties disagree on the overall value of the settlement, primarily because they dispute the value of the land sale contract.

May, 1983, requested termination of spousal support payments. The trial court reduced the spousal support to $150 per month.[2]

■ The payments of $600 per month that the dissolution decree provides are spousal support, not part of a property division.[3] A court, however, cannot modify spousal support unless the moving party shows that a "substantial change of circumstances has occurred which could not have been expected at the time of the decree." *Moak and Moak*, 64 Or App 487, 668 P2d 1249 (1983); *Hellweg v. Hellweg*, 30 Or App 995, 997, 568 P2d 710 (1977); ORS 107.135(2). Husband argues that his income has been reduced because of his investment in a new, presently unprofitable, business venture and also because a general decline in the economy has hurt his concrete business. His gross yearly income from the concrete business fell from $45,000 in 1979 to $21,000 in 1982, but he plans to continue that business. He argues that there has also been a change of circumstances because wife now receives social security payments.

■ Although husband's income has declined, he has not shown a substantial change in circumstances that warrants a

---

[2] The trial court was impressed by husband's willingness to attempt a new business venture at 65 but did not explain why he is no longer able to meet his support obligation.

"So, when you go out and you borrow more money and you put more property on the line to try to find something that you think can be successful, far be it from me to fault Mr. [sic] because he's attempted to find some other way to make a living even though it is a new venture and even though he has stars in his eyes and proves to be you have rocks in your pants when you get into it. I hope it is successful. At the present time, it isn't."

"I'm going to reduce the alimony to $150.00 a month * * *.

"Now, Mr. [sic] is probably sorry he is in the business, but, at least, he is of the old school, and that is that he is trying to do something to make a living somehow even though he is at an age when most of us would like to retire. That is the reason I'm doing what I'm doing. I can't tell you it is right or wrong, but that's the best I can do based upon what I heard, and that will be the order of the Court."

[3] The labels used by the parties are not decisive. *Moak and Moak*, 64 Or App 487, 668 P2d 1249 (1983); *Schaffer v. Schaffer*, 57 Or App 43, 48, 643 P2d 1300 (1982). The controlling issue is "the nature and purpose of the award." *State ex rel Carrier v. Carrier*, 40 Or App 407, 411, 595 P2d 827 (1979). Here, the payments have the characteristics of spousal support. They are so labeled, paid monthly and accrue no interest on the unpaid balance. They do not survive husband's death. Husband claims the amounts paid as tax deductions, and wife reports the amounts received as income. Finally, spousal support was appropriate in this case. *See Esler v. Esler*, 66 Or App 452, 673 P2d 1386 (1984).

reduction in spousal support. Husband still has ample resources to meet the support obligations.

Husband has not shown that the trial court did not contemplate that husband's income would fluctuate with economic conditions when it awarded him his interest in the concrete business. Moreover, wife should not suffer because husband invested in a new business. She needs $600 per month spousal support to meet her expenses.[4] Husband, furthermore, has not shown that the trial court did not contemplate at the time of the dissolution decree that wife would receive social security payments when she reached age 62.

The order reducing wife's monthly spousal support from $600 to $150 is reversed. Costs to appellant.

---

[4] Wife's monthly expenses are $1161, and she receives, without the spousal support payments, approximately $450 monthly — $320 from social security and $130 from the land sale contract.