Argued and submitted April 11, remanded with instructions in part,
affirmed in part June 13, reconsideration denied June 29,
petition for review denied July 24, 1984 (297 Or 492)

In the Matter of the Marriage of

## SCHOLZE,
*Respondent,*

*and*

## SCHOLZE,
*Appellant.*

(21889; CA A27923)

682 P2d 827

Walter W. Foster, Judge Pro Tempore.

Joseph E. Penna, Monmouth, argued the cause and filed the brief for appellant.

Lane P. Shetterly, Dallas, argued the cause for respondent. With him on the brief were Shetterly, Irick & Shetterly, Dallas.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Husband appeals an order that denied his motion to modify a decree to eliminate spousal support of $200 per month. He also seeks review of an intermediate order that required him to pay wife the sum of $455 for her travel and lodging expenses.

Husband, age 49, and wife, age 42, were married in 1959. A separation decree in 1974 required husband to pay $200 per month spousal support and $400 per month child support. In June, 1977, husband moved to modify the decree to eliminate spousal support. The court denied his motion, and we affirmed. *Scholze and Scholze,* 32 Or App 95, 573 P2d 330 (1978). In 1978, the circuit court granted a decree of dissolution, but husband's support obligation continued.

In 1982, husband again moved to eliminate spousal support. Wife had moved to Wisconsin. She requested an order that husband pay her in advance reasonable travel and lodging expenses that she would necessarily incur to appear in Oregon against his motion. She asserted that, unless he paid those expenses, the expense of her appearance would be a substantial hardship on her and her dependents. After hearing, the court ordered that husband pay her $455 for her travel and lodging expenses. The court continued the hearing twice because husband was dilatory, but eventually he complied. After another hearing, the court denied husband's request to eliminate spousal support.

■    Husband asserts that the court lacked authority to order him to pay wife's travel and lodging expenses. Wife asserts that the order of the court is not a reviewable order and, in any event, was not an abuse of the court's discretion. The order is reviewable. ORS 19.140 provides:

> "Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from; and when it reverses or modifies such judgment or decree, may direct complete restitution of all property and rights lost thereby."

Husband could not obtain a hearing on the merits of his motion to eliminate spousal support until he had paid wife's travel and lodging expenses. The intermediate order, therefore, necessarily affected the judgment appealed from.

■ The court lacked authority to order the payment of expenses. The power to order one spouse to pay money necessary to enable the other spouse to prosecute or defend is prescribed by statute. ORS 107.095(1)(a) authorizes the court, after commencement of a suit for dissolution, separation or annullment, and before decree, to order "[t]hat a party pay to the clerk of the court such amount of money as may be necessary to enable the other party to prosecute or defend the suit * * *." There is no similar provision, however, in ORS 107.135, governing orders for modification of a decree. Although ORS 107.405 gives the court in this proceeding "full equity powers," the court could not award travel and lodging expenses in the absence of statutory authority. *See Praegitzer and Praegitzer,* 49 Or App 981, 983, 620 P2d 979 (1980). Accordingly, the order was error. We remand with instructions to vacate the order requiring husband to pay wife's travel and lodging expenses and also to order wife to make restitution.

■ Husband also asserts that the court erred in denying his motion to terminate spousal support and seeks reversal or modification of that order. He has, however, failed to show that there has been a material change in circumstances that could not reasonably have been expected at the time of the decree. *Harden and Harden,* 67 Or App 687, 679 P2d 348 (1984); *Moak and Moak,* 64 Or App 487, 668 P2d 1249 (1983); *Hellweg v. Hellweg,* 30 Or App 995, 568 P2d 710 (1977).

Remanded with instructions to vacate the order requiring husband to pay wife's travel and lodging expenses and to order wife to make restitution; affirmed in all other respects. No costs to either party.