Argued and submitted June 23, decree modified to eliminate spousal support
December 4, 1986

In the Matter of the Marriage of

SLACK,
*Respondent,*
*and*
SLACK,
*Appellant.*

(89821; CA A37894)

728 P2d 931

Kathleen A. Evans, Salem, argued the cause for appellant. On the brief was Ann L. Morgan, Salem.

D. Olcott Thompson, Salem, argued the cause for respondent. With him on the brief was Ferder, Ogdahl, Brandt & Thompson, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals from a trial court order denying his motion to modify the parties' dissolution decree to eliminate spousal support. The court found that there had been no change of circumstances justifying a modification.

The parties were married in 1956, divorced on January 25, 1978, and had one child, who is not emancipated. The dissolution decree ordered husband to pay $75 per month spousal support. In 1979, he moved to terminate spousal support and child support; the court eliminated only the child support obligation. Husband is 68 and retired; he is disabled from an industrial accident that occurred in 1976 and has other medical problems which will require surgery. His only source of income now is $655 per month from Social Security. In addition to his regular living expenses, he owes $1,400 for property taxes. Wife is 53, employed by the State of Oregon, and earns $1,575 per month, or $1,000 net. Her medical and dental insurance are paid by the state, and she is also accruing a retirement account. She has had various medical problems, including diabetes, heart surgery and a mastectomy and will require additional surgery in the future.

Spousal support can be modified when there has been a substantial change in circumstances which could not reasonably have been expected at the time of the decree. *McLean and McLean,* 46 Or App 367, 369, 611 P2d 693 (1980). Although wife was employed at the time of the decree, she earned only $523 a month. Since 1978, she has received several promotions and her income has tripled. On the other hand, husband's income has remained essentially the same, and his reasonable expenses exceed his monthly income by $60 per month.

The amount of support which the contributing spouse must pay must not exceed the ability to pay or preclude the ability to provide self-support. *Echanis and Echanis,* 74 Or App 188, 193-94, 702 P2d 433 (1985). We conclude that the substantial increase in wife's income since the decree was issued in comparison to husband's income, which has increased very little, is a substantial change of circumstances. Wife's earning capacity greatly exceeds that of husband, and it is equitable to eliminate the spousal support payments.

Decree modified to eliminate spousal support. No costs to either party.