Argued and submitted April 26, reversed and remanded November 16, 2016

In the Matter of the Marriage of

Regina HANDLEY,
*Petitioner-Respondent,*
*and*

James HANDLEY,
*Respondent-Appellant,*
*and*

S. H.,
a Minor Child.

Multnomah County Circuit Court
021172773; A158801

385 P3d 1148

Michael J. Fearl argued the cause for appellant. With him on the brief was Schulte, Anderson, Downes, Aronson & Bittner, P.C.

No appearance for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

## DUNCAN, P. J.

In this domestic relations case, father appeals the trial court's supplemental judgment regarding custody, parenting time, and child support. He assigns error to the trial court's denial of his request for an increase in mother's child support obligation, asserting that the trial court erred in concluding that it could not modify mother's obligation because there had not been a substantial change of circumstances since the entry of the last child support order. As explained below, we conclude that, because father's parenting time had increased from 41 percent to 100 percent, the trial court erred in concluding that there had not been a change in circumstances sufficient to justify modification. Accordingly, we reverse.[1]

Because this case does not present exceptional circumstances justifying our exercise of discretion to review *de novo*, "we are bound by the trial court's findings of historical fact as long as they are supported by any evidence in the record, and we review the trial court's legal conclusions for errors of law." *Malpass and Malpass*, 255 Or App 233, 234, 296 P3d 653 (2013). Stated in accordance with those standards, the relevant facts are as follows.

Mother and father have one child. Their marriage was dissolved by a judgment entered in 2003. Thereafter, several supplemental judgments were entered. Under the supplemental judgment in effect in March 2014, mother had legal and physical custody of the child, and she also had the majority of the parenting time with the child (59 percent). But, because mother's income was greater than father's, mother was required to pay $186 per month in child support to father, who had the remainder of the parenting time (41 percent).

In March 2014, mother filed a motion to modify the parenting time plan. In May 2014, father responded to

---

[1] Father raises three assignments of error regarding the denial of his request for increased child support. Because it is dispositive, we address only his first assignment, which concerns the trial court's conclusion that there had not been a substantial change in circumstances.

mother's motion and filed a motion to modify custody, parenting time, and child support, asserting that, on May 1, 2014, the child had begun to live with him full time.

At the hearing on the motions, the parties reported and the trial court approved a settlement of the custody and parenting time issues. Regarding custody, the parties stipulated that the child, who was 16 years old at the time, "shall determine where she would like to reside," that the child's "residence is where she spends more than 51 percent of her overnights," that "[t]he parent [with whom] she is residing shall have sole legal and physical custody," and that, because the child had been residing with father exclusively since May 1, 2014, "father [had] sole legal and physical custody" of the child. Regarding parenting time, the parties agreed that there would be "no set parenting plan" and that the child would "be entitled to determine if and when she wants to spend time with either parent[.]" Thus, the sole remaining issue was father's request to modify child support.

At the hearing, father asserted that increased child support was "important" because, now that the child was living with him exclusively, he had four children, including a newborn non-joint child, to support full time.

After reviewing the court file, the evidence, and the relevant law, the trial court issued a letter opinion on October 1, 2014, denying father's motion to modify child support. In the letter opinion, the court found that no "substantial change of circumstances [had occurred] since the entry of the last [child custody] order." Specifically, regarding the time the child spent with each parent, the court reasoned:

> "There is no set parenting schedule upon which a finding of overnights can be based. Neither parent can show by a preponderance of the evidence what the number of overnights will be. Indeed, both parents should hope for a more normal sharing arrangement now that they have reached a resolution of their ongoing and pervasive disputes related to parenting time."

Thereafter, the trial court entered a supplemental judgment in accordance with the parties' settlement and its letter opinion.

As noted, father appeals, asserting that the trial court erred in denying his request for increased child support. On appeal, he renews his argument that the change in the child's time with him—from part time to full time—was a substantial change in circumstances that justified modification of mother's child support obligation.

Under ORS 107.135(3)(a),[2] "[a] substantial change in economic circumstances of a party," including "a substantial change in the cost of reasonable and necessary expenses to either party, is sufficient" to modify a child support order. Additionally, the change "must occur after the time of the last *order* affecting the judgment." *Richmond and Richmond,* 103 Or App 55, 58, 795 P2d 1104 (1990) (emphasis in original).

In its letter opinion, the trial court reasoned that there had not been a substantial change in circumstances because, under the new parenting time plan, which allows the child to choose her residence on a flexible basis, there is no way to tell how much time the child will spend with each parent in the future. That is true, but the child was living with father from before the time he filed his motion and there was no indication that she was going to move out. The possibility that she might do so at some unspecified point in the future was not a proper basis for declining to reconsider mother's child support obligation in light of the fact that the child had been living with father on a full-time basis and was continuing to do so.

We note that, under the judgments and orders in effect at the time of the hearing on the parties' motions, mother had legal and physical custody of the child and 59 percent of the parenting time. But, as of May 1, 2014, the child had lived with father. Thus, the amount of time the child spent living with father had more than doubled, from approximately 41 percent of the time to 100 percent of the time, since the last child support order. That increase, if accompanied by an attendant increase in the reasonable and

---

[2] ORS 107.135 (2009), which was in effect at the time of the modification hearing in this case, was amended in 2015, *see* Or Laws 2015, ch 298, § 90; however, because the amendment does not affect our analysis, we refer to the current version here.

necessary expenses for caring for the child, could constitute a "substantial change in [father's] economic circumstances" under ORS 107.135(3)(a).[3]

Reversed and remanded.

---

[3] To support a modification of child support, a change in a party's economic circumstances must be both substantial and unanticipated. *Harden and Harden*, 67 Or App 687, 690, 679 P2d 348, *rev den*, 297 Or 339 (1984). Here, there was no dispute that the child's change in living arrangements was unanticipated.